DEPARTMENT OF LABOR AND EMPLOYMENT, DIVISION OF EMPLOYMENT AND TRAINING, Plaintiff-Appellee,

v.

The STATE PERSONNEL BOARD and Lincoln Baca, F. Arnold McDermott, Ruth B. Lurie, Shelby F. Harper, Raymond C. Delisle, as members of said Board, Defendants,

and

Janet R. Peterson, Defendant-Appellant.

No. 80CA0490.

Colorado Court of Appeals,
Div. I.

Dec. 18, 1980.

Rehearing Denied Jan. 8, 1981.

J. D. MacFarlane, Atty. Gen., Timothy R. Arnold, William Levis, Asst. Attys. Gen., Denver, for plaintiff-appellee.

James R. Gilsdorf, Denver, for defendant-appellant.

COYTE, Judge.

Defendant Janet R. Peterson appeals from the judgment of the district court in favor of the Department of Labor and Employment (employer) setting aside the decision of the State Personnel Board. We reverse.

Peterson was employed by the Department of Labor in November of 1974 without a qualifying examination. Such employment can only be made for a period of six months. *Colo.Const.* Art. XII Sec. 13. However, Peterson's employment was continued for approximately one year at which time she was appointed as a probationary employee where she continued performing similar duties to those she was performing

before. She contends on appeal that since her continued employment was prohibit beyond six months she is entitled to the benefits that would have accrued to her had she been appointed a provisional employee six months prior to her probationary employment. We agree with her contention.

Peterson received no accrued benefits and her request for benefits, filed April 20, 1978, was denied by the State Personnel Director on April 25, 1978. She appealed that decision on May 3, 1978.

The hearing officer dismissed her appeal as not having been timely filed. The State Personnel Board reversed the decision of the hearing officer and awarded her all the benefits to which she would have been entitled if she had been appointed provisionally six months prior to her probationary appointment in November 1975. On appeal by the employer, the district court reversed the decision of the Board and entered judgment in favor of the employer.

## I.

 The Board concluded that the relevant administrative action under State Personnel Rule 8–1–1 was the rejection of appellant's request for benefits and that Peterson's administrative appeal of that action, initiated within ten days, was timely. We agree.

State Personnel Rule 8–1–1 provides that an employee has ten days after acquiring knowledge of any action taken in the administration of the state personnel rules to appeal that action to the Director.[1] Since there is evidence in the record to support the findings of the Board that Peterson's appeal was timely filed, the trial court erroneously set aside this decision of the Board. *Noe v. Dolan,* 197 Colo. 32, 589 P.2d 483 (1979).

## II.

 Our examination of the record reveals there is evidence to support the finding of the Board that Peterson's status for the six month period prior to her probation-

ary appointment was sufficiently similar under the circumstances to qualify her for benefits as a provisional employee. And, in its treatment of Peterson, the Board followed its ruling in *Abeyta v. Department of Personnel* (State Personnel Board No. 767–B–135, December 1977) in which it granted to three employees initially employed on an hourly basis all of the benefits to which they would have been entitled if they had been provisionally appointed six months prior to their official appointment.

The courts should defer to the reasonable construction by administrative officials of their own rules and regulations. *See Van Pelt v. State Board for Community Colleges & Occupational Education,* 195 Colo. 316, 577 P.2d 765 (1978). Here, it was reasonable for the board to interpret its rules to treat Peterson's position as similar to a provisional appointment. Hence, the trial court should have deferred to the Board's treatment of the matter.

## III.

Finally, the trial court erred in restraining the Board from enforcing any decisions based upon its *Abeyta* decision on the grounds that *Reeb v. Civil Service Commission,* 31 Colo.App. 488, 503 P.2d 629 (1972) prevents the Board from applying its decision retroactively. *Reeb,* which held that a civil servant may not be discharged for violation of a rule of the Commission that was not in existence at the time of the alleged violation, is not relevant here.

The judgment is reversed and the cause is remanded to the trial court with directions to reinstate the decision of the Board and to set aside its restraint on the Board from enforcing any decisions based upon its *Abeyta* decision.

PIERCE and VAN CISE, JJ., concur.

---

1. Although technically Rule 8–1–1 applies only to appeals to the Director and is inapplicable here, there is no reversible error in the Board's citation of this rule, since Rule 8–1–2 which applies to appeals to the Board also contains a ten day requirement.