C. Frank VILLA, Petitioner–Appellant,

v.

Frank GUNTER, Executive Director, Department of Corrections, Bill Boggs, Superintendent, Rifle Correctional Center, Respondents–Appellees.

No. 92CA1708.

Colorado Court of Appeals, Div. IV.

Oct. 7, 1993.

C. Frank Villa, pro se.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul S. Sanzo, Asst. Atty. Gen., Denver, for respondents-appellees.

Opinion by Judge PLANK.

Petitioner, C. Frank Villa, appeals the judgment of the trial court dismissing his C.R.C.P. 106(a)(4) petition, by which he sought review of the prison disciplinary action taken by respondents, who are Department of Corrections employees. We reverse the judgment and remand with directions.

Petitioner was an inmate in the Rifle Correctional Facility of the Colorado Department of Corrections. It was alleged that, as part of a dispute with a corrections officer over the quality of certain food petitioner had been served, he stepped behind the serving line, raised his voice, and ultimately threw the food at the corrections

officer. He was charged with three violations of the Code of Penal Discipline, including assault, advocating facility disruption, and violation of a posted operational rule.

A hearing with a hearing board composed of three officers was convened pursuant to the Colorado Code of Penal Discipline. One of the hearing board officers, had been on duty at the control center at the time of the incident. After the incident, the complaining officer phoned a report of the incident to that officer.

Upon learning at the hearing that one of the members of the board had received a report of the incident, petitioner protested that member's participation in the proceedings. Petitioner also sought to call the challenged board member as a witness to testify concerning the report which had been made to him, in support of petitioner's theory that the complaining officer had fabricated the charge against him. The officer presiding over the hearing noted petitioner's protest, but refused to permit the board member to be questioned.

The board found petitioner guilty of the assault and disruption charges and not guilty of violating the posted rule. A sentence of 30 days segregation and withdrawal of 45 days of good time credits was imposed.

Petitioner appealed this decision to the facility supervisor. Petitioner alleged that he had not been permitted to question the challenged board member and that that member was not impartial. The supervisor modified the hearing board's conclusions, finding that the challenged member had not been biased and had no personal knowledge of the incident. It is apparent from the modified ruling, however, that evidence obtained outside the hearing was considered by the supervisor. The sentence was reduced to 20 days of segregation and withdrawal of 15 days of good time credits.

Petitioner filed a petition pursuant to C.R.C.P. 106(a)(4), alleging that his right to due process had been violated by the failure to have an impartial hearing board and the failure to permit him to call witnesses

on his behalf. The trial court dismissed the petition, concluding that petitioner had received the due process rights to which he was entitled.

On appeal, petitioner contends that the trial court erred in dismissing the petition. We agree.

■■■ A prison disciplinary hearing is a quasi-judicial proceeding which may be reviewed pursuant to C.R.C.P. 106(a)(4). *Kodama v. Johnson*, 786 P.2d 417 (Colo.1990). Such review is limited to a determination, based upon evidence in the record, of whether the governmental body exercising a quasi-judicial function has exceeded its jurisdiction or abused its discretion. C.R.C.P. 106(a)(4)(I).

■ In a prison disciplinary proceeding, the requirements of due process are satisfied if an inmate is given written notice of that charge, an opportunity to call witnesses and present documentary evidence in his defense, and a written statement of the findings, the evidence relied upon, and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

■ Respondents concede that, if the challenged board member had knowledge relevant to a determination of the charges, petitioner would have been entitled to call him as a witness. *See Smith v. Maschner*, 899 F.2d 940 (10th Cir.1990). Contrary to the respondents' position, however, the record and pleadings show that the challenged board member had such knowledge.

■ Petitioner presented the theory that he had not thrown anything at the complaining officer and that he had first been accused of this act at some point after a verbal exchange between them. To support that theory, he wished to question the challenged board member regarding what the complaining officer said about the incident when she spoke to him immediately afterwards. Absent testimony from the challenged member regarding the content of the complaining officer's report to him, whether that board member had information relevant to the defense petitioner

wished to present cannot be determined. Thus, a material question of fact exists regarding whether petitioner was denied the opportunity to call a witness with information relevant to his defense, and in this circumstance, it was error for the trial court to grant summary judgment in favor of respondents.

The judgment is reversed, and the cause is remanded to the district court with directions to remand this matter to the hearing board so that it may conduct a new hearing consistent with this opinion.

CRISWELL and RULAND, JJ., concur.