**David WASHINGTON, Plaintiff–Appellant,**

v.

**Gary CROWDER and Tony Ried, Defendants–Appellees.**

**No. 99CA1541.**

Colorado Court of Appeals,
Div. IV.

Aug. 31, 2000.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S.1999.

David Washington, *Pro Se.*

Ken Salazar, Attorney General, Joseph Sanchez, Assistant Attorney General, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge MARQUEZ.

In this C.R.C.P. 106(a)(4) action, plaintiff, David Washington, appeals from the trial court's judgment rejecting his challenge to the prison disciplinary action taken by defendants, Gary Crowder and Tony Ried. We affirm.

Plaintiff, an inmate in the Colorado Department of Corrections (DOC), was charged with three counts of fraud and five counts of unauthorized possession. These charges, all class II violations of the Code of Penal Discipline (CPD), arose out of allegations that plaintiff improperly used five official DOC

mailing envelopes. The charges also alleged that plaintiff sought to avoid mailing charges by labeling the envelopes as "legal" material despite the fact that three envelopes were addressed to individuals who were not attorneys.

After an administrative hearing, one of the unauthorized possession charges was dismissed. Plaintiff was found guilty of all the remaining charges. He then filed an internal appeal and the decision of the hearing officer was upheld.

Thereafter, plaintiff commenced this action in the district court seeking relief under C.R.C.P. 106(a)(4) and declaratory relief based upon alleged due process violations. The district court entered judgment denying plaintiff's requested relief.

## I.

Plaintiff first contends that the findings of guilt must be reversed because the DOC failed to bring the charges in a timely manner. We disagree.

■ Plaintiff relies on CPD §§ IV(E)(3)(c)(1) and IV(E)(3)(f). Those sections provide, in pertinent part, that the accused inmate "should" receive a written notice of charges no later than six working days after the discovery of the alleged violation and that the hearing "should" be held no later than seven working days after the discovery of the alleged violation.

While the term "should" can in certain contexts connote an obligatory effect, see Webster's Third New International Dictionary 2104 (1986), that is not its meaning here. We conclude that the term "should," as used in these sections, means that the time periods set forth in these code sections are not mandatory. See State v. Garrett, 80 Wash.App. 651, 910 P.2d 552 (1996)(word "should" is permissible and expresses a desire or request).

Indeed, use of the word "should" in these sections stands in contrast to other CPD procedural provisions that are mandatory as evidenced by the use of the term "shall." See, e.g., CPD § IV(E)(3)(d) (providing that notice of charges "shall" be personally served on the offender) and CPD § IV(E)(3)(i)(2) (providing that the offender "shall" be permitted to offer an explanation, rebuttal, or defense to the charge).

The use of both terms reveals that the drafters of the CPD recognized the difference between them. See State v. Garrett, supra (provision containing both "should" and "shall" presumes drafters intended to distinguish between the terms).

Because these time provisions are not mandatory, we conclude that the hearing officer was not deprived of jurisdiction to render a decision in the matter. Furthermore, plaintiff failed to establish that he suffered prejudice from any delay that may have occurred.

## II.

■ Plaintiff next contends that there was insufficient evidence presented at the hearing to support the findings of guilt. We are not persuaded.

■ Review of a prison disciplinary decision is limited to whether the prison officials exceeded their jurisdiction or abused their discretion. Tebbetts v. Whitson, 956 P.2d 639 (Colo.App.1997); see C.R.C.P. 106(a)(4)(I). Under this standard, the decision of the prison officials must be upheld if there is "some evidence" in the record to support it. Kodama v. Johnson, 786 P.2d 417 (Colo.1990).

CPD § IV(D) defines fraud to include circumstances in which an inmate "[p]resents or uses anything which he knows to be false with intent to deceive." That section also provides that an inmate commits "unauthorized possession" if he has in his possession or introduces or arranges to introduce into the facility any item defined as contraband. CPD § III(C) defines "contraband" as "any item that an offender is not specifically authorized to have in his possession; any item that has been altered and/or is being used for other than its intended purpose; or any item identified in the warden's declaration of contraband."

Plaintiff raises various contentions pertaining to the sufficiency of the evidence at the hearing. These include assertions that the

envelopes used were not official DOC envelopes; that inmates in other DOC facilities are authorized to use these envelopes; that there was insufficient evidence establishing his intent to deceive; and that there was insufficient evidence establishing that some of the addressees on the envelopes were not attorneys.

The prison official who investigated the charges against plaintiff read the results of his investigation into the record at the hearing. The evidence presented included the following: (1) plaintiff's inmate account balance was nearly $1400 "in the red" primarily because of debits for postage for legal mail; (2) plaintiff attempted to send the five envelopes as "legal" mail to individuals identified as attorneys; (3) a subsequent investigation revealed that the addressees on three of the envelopes were not attorneys; (4) plaintiff attempted to mail the items using five official DOC envelopes which were not authorized for inmate use at the facility in which plaintiff was being held.

Our review of the record leads us to agree with the trial court that there is some evidence to support the hearing officer's findings that plaintiff was guilty of unauthorized possession and fraud as those offenses are defined under the CPD. Accordingly, the trial court correctly declined to disturb those findings. *See Kodama v. Johnson, supra.*

Additionally, we reject plaintiff's argument that the finding of guilt on the fraud counts must be reversed because prison officials intercepted the envelopes and thereby prevented any fraud from occurring. The CPD definition of fraud does not require completion of a transaction or a resulting victim. Rather, it merely requires presentation or use of the item in question. Here, there was no dispute that plaintiff presented the items for mailing.

### III.

Finally, we also disagree with plaintiff's contention that the trial court erred or abused its discretion in failing to issue a declaratory judgment that plaintiff's due process rights were violated.

█ An inmate in a disciplinary hearing enjoys only the most basic due process

rights. *Mariani v. Colorado Department of Corrections,* 956 P.2d 625 (Colo.App.1997). The requirements of due process are satisfied in such a proceeding if an inmate is given written notice of that charge, an opportunity to call witnesses and present documentary evidence in his defense, and a written statement of the findings, the evidence relied upon, and the reasons for the disciplinary action. *Villa v. Gunter,* 862 P.2d 1033 (Colo. App.1993); *see Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The record establishes that these procedural requirements were satisfied in this case.

█ Plaintiff, nevertheless, argues that he was denied due process because the DOC Inmate Appeal Form provides a limited space for an inmate to explain the basis for an appeal and prohibits attachment of additional materials. Plaintiff argues that he could have raised other issues had he been given additional space.

The apparent purpose of the appeal form is to allow inmates to state the basic nature and grounds for an administrative appeal, and also to discourage lengthy legal argument such as may be allowed in a full-scale appellate brief. It contains a list (in the form of boxes that may be checked) of common grounds for seeking reversal including failure to follow procedures, lack of evidence, and new evidence. The form also contains approximately a half page of blank space to allow inmates to elaborate further or list other grounds supporting an appeal.

In our view, the space provided in the form was adequate to allow plaintiff to convey the critical arguments and/or evidence supporting his appeal. Under these circumstances, we perceive no error by the trial court in declining to grant the declaratory relief plaintiff requested.

The judgment is affirmed.

Judge ROTHENBERG and Judge DAILEY concur.