Maxwell THOMAS, Plaintiff–Appellee,

v.

**COLORADO DEPARTMENT OF CORRECTIONS, Defendant–Appellant.**

No. 03CA0503.

Colorado Court of Appeals,
Div. I.

Aug. 12, 2004.

Philip A. Cherner, Denver, Colorado, for Plaintiff–Appellee.

Ken Salazar, Attorney General, J. Alberto Garcia, Assistant Attorney General, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge PICCONE.

In this appeal concerning confidential information used as evidence, defendant, the Colorado Department of Corrections (DOC), appeals the trial court judgment reversing the prison disciplinary conviction and administrative segregation placement of plaintiff, Maxwell Thomas. We reverse and remand with directions to reinstate the DOC's orders.

Thomas, an inmate at the Limon Correctional Facility, was charged with the disciplinary offense of threats in violation of the DOC's Code of Penal Discipline (COPD). After a disciplinary hearing, based in part on confidential information, a hearing officer found Thomas guilty of threatening to jeopardize the security of the facility by seeking the identity of a confidential informant.

A second hearing was held before the classification committee pursuant to the DOC's regulation regarding administrative segregation. In that proceeding, the chairman of the classification committee determined that Thomas should be placed in administrative segregation.

Thomas sought judicial review pursuant to C.R.C.P. 106(a)(4). He argued that the records of the disciplinary and administrative segregation hearings lacked findings as to the reliability of the confidential information used as evidence. The trial court remanded the matter three times for the DOC to make additional findings.

The DOC submitted the required findings in a supplemental record under seal for in camera review. The court held that the hearing officer exceeded her jurisdiction and "that absent the finding, on the record, that the information contained in the confidential packet is reliable and the grounds for finding the information reliable, the record is insufficient to uphold" Thomas's disciplinary conviction and administrative segregation placement. The trial court vacated that conviction and placement.

### I.

The DOC contends the sealed supplemental record, including a confidential audiotape of the hearing officer's oral findings, and written confidential findings addressing the reliability of confidential information used in the prison disciplinary and administrative segregation hearings, were sufficient to uphold Thomas's disciplinary conviction and administrative segregation placement. We agree.

In C.R.C.P. 106(a)(4) proceedings, review is limited to whether the governmental body's decision was an abuse of discretion or was made without jurisdiction, based on the evidence in the record before that body. C.R.C.P. 106(a)(4)(I) *Verrier v. Colo. Dep't of Corr.*, 77 P.3d 875 (Colo.App.2003). Appellate review of a district court's decision in a proceeding under C.R.C.P. 106(a)(4) is de novo. *Leichliter v. State Liquor Licensing Auth.*, 9 P.3d 1153 (Colo.App.2000). An appellate court sits in the same position as the

district court when reviewing an agency's decision. *See Empiregas, Inc. v. County Court,* 713 P.2d 937 (Colo.App.1985).

COPD § IV(E)(3)(k), DOC Admin. Reg. 150–1, in relevant part, provides that confidential testimony or evidence may be considered in disciplinary proceedings:

(1) Confidential testimony will only be used when it is determined by the disciplinary officer that public testimony would present danger to the safety of an informant or would divulge security sensitive information or operations.... The disciplinary officer shall record specific evidence of dangerousness together with the confidential testimony and/or evidence in a separate record which shall not be revealed to the accused offender at any time....

(3) The hearing officer or board shall evaluate the information gathered by the disciplinary officer to determine the reliability of the information and state on the record their grounds for finding the information reliable.

Similarly, DOC Admin. Reg. 600–02, § IV(J) provides that such testimony or evidence may be considered in administrative segregation proceedings:

(1) If it is determined by the Classification Committee that public testimony would present a clear and present danger to the safety of a confidential informant, such testimony and/or evidence shall be taken and recorded on audio tape in confidence by the Classification Committee as necessary.

(2) A finding of fact, supported by specific evidence of dangerousness, shall be recorded together with the confidential testimony and/or evidence in a separate record and shall not be revealed to the offender at any time....

(3) The Classification Committee shall evaluate the reliability of the informant and state on the record [its] grounds for finding the informant reliable.

■ Thus, the COPD and administrative segregation regulations permit the use of confidential information, but require that the prison officials determine that the informa-

tion is reliable. The reliability findings must be stated on the record. Due process requires the hearing officer to make an independent determination that the confidential information is reliable before using any such information in the disciplinary proceeding. *See Mariani v. Colo. Dep't of Corr.,* 956 P.2d 625 (Colo.App.1997); *see also Taylor v. Wallace,* 931 F.2d 698, 700–02 (10th Cir.1991)(contemporaneous written explanation concerning reliability is not required by the Due Process Clause).

We conclude the reliability findings may be issued in a separate record in disciplinary and administrative segregation proceedings based on COPD § IV(E)(3)(k), DOC Admin. Reg. 150–1, and DOC Admin. Reg. 600–02, § IV(J). Both of these sections require that confidential information, which would include the findings of reliability, be recorded in a separate record that shall not be revealed to the accused offender. The prison officials must make reliability determinations prior to their decisions.

Even though it may be preferable to make these findings on the record prior to, or contemporaneous with, issuing the decision, neither the COPD nor the administrative segregation regulations require this method. *See Taylor v. Wallace, supra,* 931 F.2d at 702 ("In the absence of a contemporaneous record, the court may allow prison officials' justification for having considered an informant's testimony as reliable to be presented to the court, *in camera* where security considerations warrant, or otherwise."). Rather, the inmate should be informed in the notice of charge that confidential information is being considered. COPD § IV(E)(3)(k)(2), DOC Admin. Reg. 150–1, DOC Admin. Reg. 600–02, § IV(J)(2).

Here, the trial court remanded the case to the DOC to make additional findings. *See* C.R.C.P. 106(a)(4)(IX). The DOC submitted a supplemental record to the trial court for in camera review, which consisted of a confidential audiotape and written confidential findings of reliability. The notice of charge contained the required information, and the prison officials made sufficient explicit findings that the confidential information was reliable before considering it. In response to

the court's remand orders, both hearings were reconvened, and in confidential proceedings, the prison officials recorded and prepared written, detailed factual findings concerning the reliability of each piece of confidential information considered on the record. The findings complied with the COPD and the administrative segregation regulations. This information was available to the trial court for its review as part of the official administrative record. Thus, contrary to the trial court's ruling, we conclude the sealed supplemental record was sufficient for review.

## II.

■ We next consider whether there is some evidence to support the disciplinary conviction and the administrative segregation placement. We conclude the evidence is adequate.

■ "Judicial review of prison disciplinary proceedings must take into account the correctional setting of the proceeding and the state's interest in the safe and efficient operation of its prison system." *Kodama v. Johnson*, 786 P.2d 417, 420 (Colo.1990). Review of a prison disciplinary decision is limited to whether the prison officials exceeded their jurisdiction or abused their discretion. *Washington v. Crowder*, 12 P.3d 857 (Colo. App.2000); *see* C.R.C.P. 106(a)(4)(I). A reviewing court must uphold the decision of the prison officials if supported by some evidence in the record. *Kodama, supra; Washington, supra; Mariani, supra*, 956 P.2d at 630. "The scope of judicial review in this type of case is very limited." *Kodama, supra*, 786 P.2d at 420.

■ In an administrative segregation proceeding, the facility bears the burden of proving by substantial evidence that an inmate should be placed in administrative segregation. DOC Admin. Reg. 600–02, § IV(I)(1). "[Substantial evidence is] such evidence that a reasonable mind might accept as adequate to support a conclusion. It is that quality of evidence necessary for a court to affirm a decision of an administrative board." DOC Admin. Reg. 600–02, § III(O). Thus, the same standard of review applies to

judicial review of prison disciplinary and administrative segregation proceedings—some evidence in the record. *Kodama v. Johnson, supra* 786 P.2d at 420("the 'some evidence' standard furthers prevention of 'arbitrary deprivations without threatening institutional interests or imposing undue administrative burdens.'"); *Washington, supra; Mariani, supra*, 956 P.2d at 630.

■ A court should defer to the administrative officials' reasonable construction of their own rules and regulations. *Dep't of Labor & Employment v. State Pers. Bd.*, 625 P.2d 1036 (Colo.App.1980).

Having reviewed the record, we conclude the administrative record supports both Thomas's disciplinary conviction of threats and his placement in administrative segregation.

### A. COPD—Threats

COPD § IV(d)(13) defines the offense of threats:

> Threats—an offender commits this offense when he communicates a determination or intent (either verbally, physically or in writing) to injure another person or to commit a crime of violence or an unlawful act presently or in the future, and the probable consequence of such threat or threats (whether or not such consequence, in fact, occurs) is:
>
> (a) To place another person in fear of bodily injury; or
>
> (b) To cause damage to property; or,
>
> (c) To jeopardize the security of the facility.

The COPD hearing officer found Thomas guilty of threats. The determination that Thomas jeopardized the security of the facility is supported by the record.

The hearing officer based her determination on the notice of charge, Thomas's testimony, a tape recording of Thomas's phone conversation with his stepmother, and the confidential information. Thomas testified he asked his stepmother to locate a newspaper article identifying another inmate as a confidential informant and asked her to send the article to him. A threat was implicit in

this request because information identifying any inmate as a confidential informant constitutes a threat to the security of the informant. The consequences of introducing such information into the prison environment are to place the informant in fear for his or her safety and to jeopardize the security of the facility. Thus, the evidence was sufficient to support the DOC's conclusion Thomas had violated the COPD.

### B. Administrative Segregation

Factors to be considered in placing an offender in administrative segregation may include:

1. An offender's conduct or continued presence in the general population poses a serious threat to life, self, staff, other offenders, property, or the security or orderly management of the facility....

4. Validation as an acting member, associate or suspect of a security threat group.

DOC Admin. Reg. 600–02, § IV(A)(1), (4).

 In determining that Thomas should be placed in administrative segregation, the classification committee relied on Thomas's COPD conviction, his phone calls requesting information about another inmate, his institutional behavior toward program participation, his admission at the COPD hearing that he asked his stepmother to locate an article identifying another inmate as a confidential informant, and his membership in a security threat group. A security threat group is "a group of three (3) or more individuals with a common interest, bond or activity characterized by criminal or delinquent conduct, engaged in either collectively or individually, with the potential to create a security threat within the DOC. This shall include, but not be limited to, gangs, disruptive and deviant groups." DOC Admin. Reg. 6002, § III(L).

This evidence sufficiently supported the placement. *See* DOC Admin. Reg. 600–02, § IV(A)(1), (4); *see also* § 17–1–109, C.R.S. 2003 (warden of each correctional facility

should take measures as are reasonably necessary to restrict the confinement of any person with known past or current affiliations or associations with any security threat group to prevent contact with other inmates at such facility).

Accordingly, the judgment is reversed, and the case is remanded to the trial court to reinstate the DOC's orders.

Judge MARQUEZ and Justice KIRSH-BAUM * concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2003.