Desi GALLEGOS, Plaintiff–Appellee,

v.

R. GARCIA, R. Barrett, R. Steinbeck, D. Romero, P. Hijar, T. Lopez, and State Attorney General, Defendants–Appellants.

No. 05CA0510.

Colorado Court of Appeals.
Division III.

May 4, 2006.

Desi Gallegos, Pro Se.

John W. Suthers, Attorney General, Paul Sanzo, Assistant Attorney General, Denver, Colorado, for Defendants–Appellants.

TAUBMAN, J.

In this C.R.C.P. 106(a)(4) action, defendants, R. Garcia, R. Barrett, R. Steinbeck, D. Romero, P. Hijar, T. Lopez, and the Colorado Attorney General, appeal the district court judgment reversing the prison disciplinary conviction of plaintiff, Desi Gallegos. We affirm in part, reverse in part, and remand with directions.

Gallegos was charged with violating the Colorado Department of Corrections (DOC) Code of Penal Discipline (COPD) with regard to the bartering or selling of goods and commodities or services, a class II violation of the COPD. The charge was based on the discovery of a drawing in Gallegos's locker in the craft area of the prison that had been prepared by a former inmate.

Following an evidentiary hearing, the hearing officer found Gallegos guilty of this offense and imposed sanctions of seven days loss of good time and thirty days loss of privileges, which sanctions were suspended if Gallegos was not convicted of any offense within a prescribed probationary period. The hearing officer's decision was affirmed on administrative review.

Gallegos then brought this action in district court. The district court found that the hearing officer had abused his discretion and had acted arbitrarily and capriciously by failing to document that Gallegos had knowingly and voluntarily waived his right to remain silent during the hearing as required by DOC Admin. Reg. 150–01 (Sept. 1, 2002). The court determined that the hearing officer was not impartial as a result of that action. The district court therefore ordered that the disciplinary conviction be expunged, restored any good time credit that Gallegos had lost, and awarded him a day of good time credit for each day he lost privileges.

I.  Waiver of Right to Remain Silent

■ Defendants contend that the district court erred in concluding that the hearing officer abused his discretion and acted arbitrarily and capriciously by failing to document that Gallegos had knowingly and voluntarily waived his right to remain silent during the hearing as required by the COPD. We are not persuaded.

In a C.R.C.P. 106(a)(4) proceeding, review is limited to whether the governmental body's decision was an abuse of discretion or was made without jurisdiction, based on the evidence in the record before that body. C.R.C.P. 106(a)(4)(I); *Verrier v. Colo. Dep't of Corr.*, 77 P.3d 875 (Colo.App.2003). When there is a challenge to the sufficiency of the evidence, the prison official's decision must be upheld if there is "some evidence" in the record to support it. *See Kodama v. Johnson*, 786 P.2d 417 (Colo.1990). In addition, a misinterpretation or misapplication of governing law by an agency is an alternative ground for finding an abuse of discretion under C.R.C.P. 106(a)(4). *See Save Park County v. Bd. of County Comm'rs*, 990 P.2d 35 (Colo.1999); *see also Mariani v. Colo. Dep't of Corr.*, 956 P.2d 625 (Colo.App.1997)(noting that inmates may be protected from arbitrary state action by

drawing upon internal prison grievance procedures and state judicial review).

Because an appellate court sits in the same position as the district court when reviewing an agency's decision under C.R.C.P. 106(a)(4), appellate review of the district court's decision is de novo. *Thomas v. Colo. Dep't of Corr.*, 117 P.3d 7 (Colo.App.2004).

At the time of Gallegos's hearing, COPD § IV(E)(3)(m)(1)(a), DOC Admin. Reg. 150–01 (Sept. 1, 2002), provided that at the "commencement of the hearing, the offender shall be given advisement of his rights to remain silent and informed that any statement he makes may be used against him in a criminal proceeding." In addition, COPD § IV(E)(3)(m)(3), DOC Admin. Reg. 150–0 (Sept. 1, 2002), which has been subsequently amended, also provided: "Any right waived by an offender under the code shall be documented and allowed only if the hearing officer or board is persuaded that the offender has made a knowing and voluntary waiver of his right and the waiver is reviewed by the Administrative Head or designee."

At the beginning of the hearing, the hearing officer advised Gallegos in the following manner:

Ok, Mr. Gallegos, you have the right to request an inmate rep, witnesses, continuances, anything you request is evaluated under the rules of this COPD manual.... Also you have the right to remain silent if you do not wish to say anything. That silence will not be held against you. However if you choose to make statements and if you admit that you violated another rule other than this II–26 in this case, then you're going to be subject to other additional charges either through the code or through downtown D.A.'s Office.... Do you understand what I have stated to you, Mr. Gallegos?

Gallegos responded that he understood. The prosecuting officer for the DOC then proceeded with the presentation of the case, including posing questions to Gallegos which he answered without objection.

Upon review of Gallegos's disciplinary conviction, the district court found that Gallegos had been advised of his right to remain silent. However, the court also found no documentation or finding that Gallegos waived his right to remain silent before the prosecutor was allowed to question him directly.

Contrary to defendants' contention, we conclude that the advisement given by the hearing officer does not comply with the requirement in COPD § IV(E)(3)(m)(3) that any right waived by an offender under the COPD shall be documented and allowed only if the hearing officer or board is persuaded that the offender has made a knowing and voluntary waiver of the right.

We disagree with defendants that documentation of Gallegos's waiver of his right to remain silent occurred by the mere tape recording of the hearing. Because a different regulation requires audio taping the entire hearing, documentation of an inmate's waiver of a right under § IV(E)(3)(m)(3) must entail more than mere recording of the hearing.

In our view, the regulation at issue requires a hearing officer to make at least a brief inquiry to ascertain that an inmate's waiver of the right to remain silent was knowing and voluntary. After such an inquiry, the hearing officer must state on the record the conclusion that the inmate's waiver was knowing and voluntary.

We need not determine the precise scope of the inquiry the hearing officer is required to make. However, nothing in the record indicates that the hearing officer asked Gallegos whether he wanted to waive his right to remain silent. In addition, the hearing officer did not inquire, among other things, whether Gallegos's decision to waive his right to remain silent was his own, whether any promises had been made to him in exchange for his testimony, whether he was otherwise coerced or forced to testify, and whether he was under the influence of any drugs or alcohol. *See generally People v. Platt*, 81 P.3d 1060 (Colo.2004)(discussing components of knowing, voluntary, and intelligent waiver of constitutional rights).

Therefore, we agree with the district court that the hearing officer did not make the necessary findings required by the COPD with regard to whether Gallegos knowingly

and voluntarily waived his right to remain silent.

## II. Harmless Error

We also reject defendants' contention that the hearing officer's decision may be affirmed because any error in not documenting Gallegos's waiver of his right to remain silent was harmless.

Gallegos was charged with committing a class II violation of the COPD, which prohibits bartering or selling goods, commodities, or services. See COPD § IV(D)(26), DOC Admin. Reg. 150–0 (Sept. 1, 2002). At the time of Gallegos's conviction, that provision provided, in pertinent part: "[A]n offender commits this offense when he barters, loans, sells, gives, receives, borrows, or buys any item without the prior knowledge and permission of a DOC staff member including, but not limited to, those items sold in the canteen, clothing, housing furnishings, [and] art and craft items . . . ."

At the hearing, Gallegos was questioned by the DOC's prosecuting officer, his own inmate representative, and the hearing officer concerning how Gallegos acquired the drawing.

In his written order, the hearing officer relied on Gallegos's testimony in his findings of fact. The hearing officer noted that Gallegos had stated that the drawing was his and that it had been mailed to him in December 2002. On review, the district court noted that Gallegos's admission that it was his drawing essentially made the case against him and that no other statement could have been more detrimental.

Given the hearing officer's reliance on Gallegos's testimony in his findings of fact, we cannot say that he would have reached the same result without that testimony. See Murphy v. Glenn, 964 P.2d 581 (Colo.App. 1998)(an error is harmless when the same result would have obtained even if the evidence had been excluded). Accordingly, we conclude that the hearing officer's failure to find that Gallegos knowingly and voluntarily waived his right to remain silent was not harmless. See Washington v. Crowder, 12 P.3d 857 (Colo.App.2000)(noting, as an alternative basis, that the disciplinary conviction need not be reversed because the inmate failed to establish that he suffered prejudice from any delay that may have occurred).

## III. Proper Remedy for Rules Violation

Nevertheless, we agree with defendants' contention that the district court erred in ordering the expungement of Gallegos's conviction rather than remanding for a new hearing.

In Board of County Commissioners v. Salardino, 136 Colo. 421, 318 P.2d 596 (1957), the supreme court reversed and remanded a C.R.C.P. 106(a)(4) action for a new hearing before the administrative agency where the certified record did not contain a necessary transcript, thereby preventing a judicial determination regarding whether the agency acted within its discretion or whether it acted arbitrarily and capriciously in denying an application for a liquor license. Similarly, in Villa v. Gunter, 862 P.2d 1033 (Colo.App. 1993), on review under C.R.C.P. 106(a)(4), a division of this court remanded for a new hearing where a factual question existed regarding whether an inmate in a prison disciplinary hearing was denied the opportunity to call a witness who had information relevant to his defense.

Because the hearing officer here failed to make the necessary determination that Gallegos's waiver of his right to remain silent was knowing and voluntary, we conclude that the proper remedy is to remand the case for a new hearing, rather than to expunge the disciplinary conviction, as ordered by the district court. See Bd. of County Comm'rs v. Salardino, supra; Villa v. Gunter, supra.

Finally, in view of our decision to remand the case for a new hearing, we need not address defendants' contention, which Gallegos concedes, that the district court exceeded its authority in requiring them to award Gallegos good time credit for each day he suffered a loss of privileges. See Renneke v. Kautzky, 782 P.2d 343 (Colo.1989)(noting that a sentencing court's issuance of an amended mittimus setting forth the amount of good time and earned time credits an inmate was entitled to receive for presentence confinement did not control the discre-

tionary authority of the DOC under statute to withhold or withdraw good time and earned time credits).

The judgment is affirmed insofar as the district court determined that the hearing officer abused his discretion by not documenting that Gallegos's waiver of his right to remain silent was knowing and voluntary. The judgment is reversed insofar as it orders that Gallegos's conviction be expunged and that good time credits be awarded and restored, and the case is remanded to the district court with directions to remand the matter for a new administrative hearing.

Judge LOEB and Judge STERNBERG * concur.