**Clayton B. PHILLIPS, Plaintiff–Appellant,**

v.

**EXECUTIVE DIRECTOR, COLORADO DEPARTMENT OF CORRECTIONS, Defendant–Appellee.**

No. 09CA1394.

Colorado Court of Appeals, Div. A.

Sept. 30, 2010.

Rehearing Denied Nov. 18, 2010.

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2010.

Clayton B. Phillips, Pro Se.

John W. Suthers, Attorney General, Jennifer S. Huss, Assistant Attorney General, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge STERNBERG.*

Plaintiff, Clayton B. Phillips, appeals the district court judgment affirming his prison disciplinary convictions for possession of unauthorized legal documents and fraud. Because we agree with plaintiff that there was insufficient evidence to support the conviction for possession of unauthorized legal documents, we reverse the portion of the judgment affirming that conviction. However, we affirm the judgment insofar as it upheld plaintiff's disciplinary conviction for fraud.

## I. Background

During a routine search of papers in plaintiff's possession, a prison officer found a two-page legal motion pertaining to, and bearing the name of, another inmate (Wadkins). When the officer attempted to confiscate the document, plaintiff tore it in half.

Based on this incident, prison officials charged plaintiff with possession of unauthorized legal documents and fraud, both of which are Class II violations under the Department of Corrections (DOC) Code of Penal Discipline (COPD).

Following an administrative hearing, a hearing officer found plaintiff guilty of both charges and imposed sanctions of punitive segregation. Plaintiff filed an administrative appeal which resulted in the affirmance of the hearing officer's decision.

Plaintiff then commenced this C.R.C.P. 106(a)(4) review action in the district court against defendants, the executive director of the DOC and the warden of the Limon Correctional Facility. Defendants filed a timely answer to the complaint and later filed· a certified copy of the administrative record.

After full briefing by the parties, the district court affirmed the disciplinary convictions. Plaintiff now seeks review of the district court's judgment.

## II. Standard of Review

■ In this appeal, our review is limited to whether defendants exceeded their jurisdiction or abused their discretion in imposing the disciplinary sanctions against plaintiff. *See Thomas v. Colo. Dep't of Corr.*, 117 P.3d 7, 8 (Colo.App.2004); *see also* C.R.C.P 106(a)(4), 106.5(i)(2). We review the district court's decision de novo. *See Thomas*, 117 P.3d at 8.

■ Prison officials abuse their discretion when they misinterpret or misapply governing law. *See Alward v. Golder*, 148 P.3d 424, 428 (Colo.App.2006); *see also Save' Park County v. Bd. of County Comm'rs*, 990 P.2d 35, 42 (Colo.1999) (misinterpretation or misapplication of governing law by an agency is· an alternative basis for finding an abuse of discretion under C.R.C.P. 106(a)(4)).

■ Absent such a misinterpretation or misapplication of law, and when considering a challenge to the sufficiency of evidence supporting a prison disciplinary decision, a reviewing court must uphold the decision if it is supported by some evidence in the record. *See Gallegos v. Garcia*, 155 P.3d 405, 406 (Colo.App.2006); *Burns v. Executive Dir.*, 183 P.3d 695, 697 (Colo.App.2008).

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2010.

### III. Discussion

Plaintiff contends there was insufficient evidence to support his disciplinary conviction for possession of unauthorized legal documents based on the COPD's definition of that offense. We agree.

Under the applicable version of the COPD, an inmate commits "Possession of Unauthorized Legal Documents" if he or she "possesses legal documents of another offender outside the immediate presence of the offender *to whom the documents belong.*" See Dep't of Corr. Reg. No. 150–01(IV)(D) (Class II)(32) (2008) (emphasis added).

Plaintiff asserts that the document he possessed did not "belong" to Wadkins because there was no evidence Wadkins ever "had possession, control, custody or even prior knowledge" of the document. This assertion is consistent with plaintiff's testimony at the hearing that Wadkins never possessed the document. Moreover, we note that, in rejecting plaintiff's request to call Wadkins as a witness, the hearing officer specifically accepted plaintiff's assertion that Wadkins had never possessed the document.

In light of this undisputed evidence, accepted by the hearing officer, that Wadkins never possessed the document, we must determine whether the hearing officer properly concluded that the document, nevertheless, "belonged" to another offender (i.e., Wadkins) within the meaning of this COPD regulation.

### A.

■ In construing an administrative regulation, we apply the same rules of construction that we would in interpreting a statute. *See Woolsey v. Colo. Dep't of Corr.,* 66 P.3d 151, 153 (Colo.App.2002); *Williams v. Colo. Dep't of Corr.,* 926 P.2d 110, 112 (Colo.App.1996). We first look to the language of the regulation and analyze the words and phrases according to their plain and ordinary meaning. *Williams,* 926 P.2d at 112. As with statutes, if the language of a regulation is clear and unambiguous, we do not resort to other rules of construction. *See Slack v. Farmers Ins. Exch.,* 5 P.3d 280, 284 (Colo.2000) (statutory interpretation). More-

over, in construing regulations, courts must avoid interpretations that lead to absurd results. *See People v. Trupp,* 51 P.3d 985, 988 (Colo.2002).

### B.

■ Defendants argue, and the hearing officer apparently determined, that a document can "belong" to another offender if, as here, it merely bears the other offender's name or pertains to the other offender. We conclude that this construction is incorrect for two reasons.

First, in our view, the fact that another offender's name appears on a document, or that the document refers or pertains to another offender, does not necessarily mean the document belongs to that offender under any common understanding of the term "belong." Rather, common and ordinary usage of the phrase "to whom the documents belong" connotes some form of ownership of or property interest in the documents. *See Black's Law Dictionary* 164 (8th ed.2004) (defining "to belong" as "[t]o be the property of a person or thing" and specifically cross-referencing "ownership"); *Webster's Third New International Dictionary* 201 (2002) (similarly defining "to belong"). The construction urged by defendants and employed by the hearing officer ignores this common understanding of the word "belong" and adopts an interpretation that is inconsistent with that understanding.

Second, defendants' and the hearing officer's broad construction of "belong" as including merely naming, or pertaining to, would lead to absurd results. Indeed, under that construction, an inmate would be in violation of this COPD regulation if, in the course of performing research on his or her own case, the inmate makes a copy of a reported court decision concerning another offender in the institution. This type of absurd or illogical interpretation of a regulation should be avoided. *See Trupp,* 51 P.3d at 988.

Based on our construction of the regulation and the ordinary meaning of the word "belong," we conclude that the record does not contain even "some evidence" that the document plaintiff possessed belonged to an-

other offender (i.e., Wadkins). Consequently, defendants abused their discretion in finding plaintiff guilty of the disciplinary violation of possession of unauthorized legal documents, and the portion of the district court's judgment affirming that conviction must be reversed.

### C.

Because we are reversing plaintiff's disciplinary conviction for possession of unauthorized legal documents based on insufficient evidence, we need not address his contentions that this same conviction requires reversal because the COPD does not define the phrase "legal documents."

### D.

■ Finally, insofar as plaintiff contends that his disciplinary conviction for fraud must be set aside based on a settlement agreement reached in a prior federal district court action, we decline to address that contention. Plaintiff did not raise this contention at the administrative hearing, in his administrative appeal, or in his complaint and briefs before the district court. Consequently, he did not preserve the contention for our review. *See Higgins v. Colo. Dep't of Corr.*, 876 P.2d 124, 126 (Colo.App.1994) (issue not raised before the DOC); *see also Verrier v. Colo. Dep't of Corr.*, 77 P.3d 875, 878 (Colo.App.2003) (issue not raised in the district court).

Additionally, we note that plaintiff has raised no other argument specifically challenging his disciplinary conviction for fraud. Consequently, we affirm the portion the district court judgment upholding the fraud conviction.

### IV. Conclusion

The district court's judgment is reversed insofar as it upheld plaintiff's disciplinary conviction for possession of unauthorized legal documents. In all other respects the judgment is affirmed.

Chief Judge DAVIDSON and Judge CRISWELL * concur.