23CA0756 Ruffin v CDOC 09-19-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA0756
Fremont County District Court No. 22CV72
Honorable Lynette M. Wenner, Judge

David Ruffin,

Plaintiff-Appellant,

v.

Executive Director of the Colorado Department of Corrections and Warden of
Colorado State Penitentiary,

Defendants-Appellees.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE GROVE
Tow and Lipinsky, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 19, 2024

David Ruffin, Pro Se

Philip J. Weiser, Attorney General, Ann Stanton, Assistant Attorney General,
Denver, Colorado, for Defendants-Appellees

¶ 1     In this C.R.C.P. 106.5 action, David Ruffin appeals the district court's judgment affirming his disciplinary conviction for assault on staff. We reverse Ruffin's disciplinary conviction and remand the matter for further proceedings.

## I.     Background

¶ 2     Ruffin was charged with assault on staff, a Class I, Rule 4 violation of the Code of Penal Discipline (COPD), and threats, a Class II, Rule 11 violation of the COPD, after an altercation with Correctional Officer Jacob C. Cervantes. The incident, which was largely captured on surveillance video, began as Ruffin descended a staircase into a day room at the Colorado State Penitentiary. Cervantes, who was outside the day room and speaking through a tray slot, ordered Ruffin to either "utilize the shower or lock down in his room if he was not going to shower."[1] Ruffin refused and, clearly agitated, began shouting and gesticulating at Cervantes.

---

[1] The surveillance video does not have audio, but the hearing officer's factual findings summarize the verbal exchange between Cervantes and Ruffin that led up to the alleged assault. Ruffin does not contest the accuracy of the hearing officer's description of the events that preceded the alleged assault, nor are those events strictly relevant to our disposition of this appeal. Nonetheless, we include them for context.

Eventually, Ruffin picked up a bag of trash and approached the tray slot. According to Cervantes, who described the altercation in a written report, Ruffin reached into the tray slot and "aggressively hit my hand out of the way utilizing both of his hands while he was holding the trash." After "remov[ing] my hand," Cervantes wrote, Ruffin "immediately threw the trash towards my direction." Cervantes then called for assistance "for a staff assault." Ruffin threatened Cervantes and his family while he and other officers brought Ruffin under control.

¶ 3    At the outset of the disciplinary hearing, Ruffin pleaded guilty with an explanation to the threats charge.[2] He contested the assault charge and, as part of his defense, sought to cross-examine Cervantes — whose report, Ruffin maintained, was inconsistent with the video recording of the incident. The hearing officer refused, stating that the report "shows exactly what happened in the video." The hearing officer then relied heavily on that report in

---

[2] The hearing officer accepted Ruffin's guilty plea and imposed $870.25 in restitution for the threats charge. The hearing officer did not impose any additional sanctions for the threats conviction, and although Ruffin requested review of that ruling in earlier appellate proceedings, he has abandoned any challenge to it in this appeal. We therefore do not address it further.

her written order finding Ruffin guilty of assault on staff. On that charge, she sentenced Ruffin to forty-two days of loss of privileges, with twelve days of credit for time served.

¶ 4    Ruffin appealed both convictions to the Colorado State Penitentiary's Administrative Head, who upheld the decision in a written order, finding, in pertinent part, that "the procedures set forth in [the COPD] have been followed and all elements of due process have been met."

¶ 5    Ruffin then filed a C.R.C.P. 106.5 complaint in the Fremont County District Court. Among other things, Ruffin alleged that his "rights to due process were violated when [he] was denied [his] right to produce witnesses for the disciplinary hearing." A magistrate issued a written order affirming the hearing officer's decision, ruling that, "[b]ecause the record contains some evidence supporting the hearing officer's decision, reversal of [Ruffin's] disciplinary conviction is not warranted on evidentiary grounds." The magistrate's order noted that "inmates are entitled to basic due process rights" in disciplinary proceedings, but it did not address, or even acknowledge, the specifics of Ruffin's due process complaint.

¶ 6    Ruffin then sought review of the magistrate's order pursuant to C.R.M. 7(a), and the district court affirmed, ruling that Ruffin "was afforded the required due process and there was sufficient evidence in the record to support the conviction."

¶ 7    This appeal followed.

## II.    Mootness

¶ 8    Before turning to the merits of Ruffin's appeal, we first must consider whether we have subject matter jurisdiction over it. "Colorado courts invoke their judicial power only when an actual controversy exists . . . ." *People in Interest of Vivekanathan*, 2013 COA 143M, ¶ 20. "When an actual controversy no longer exists, an issue becomes moot because any relief granted by the court would have no practical effect." *DePriest v. People*, 2021 CO 40, ¶ 8. "If an event occurs while a case is pending on appeal that makes it 'impossible for the court to grant "any effectual relief" . . . to a prevailing party,' the appeal must then be dismissed as moot." *Id.* (citations omitted). Nonetheless, "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*,

567 U.S. 298, 307-08 (2012) (quoting *Ellis v. Brotherhood of Ry., Airline & S.S. Clerks*, 466 U.S. 435, 442 (1984)).

¶ 9    After Ruffin was convicted of the COPD charges and served the sanctions that the hearing officer imposed, two separate divisions of this court reversed the criminal convictions that put him in the Department of Corrections (DOC) in the first place. *See People v. Ruffin*, (Colo. App. No. 21CA1675, Aug. 10, 2023) (not published pursuant to C.A.R. 35(e)); *People v. Ruffin*, (Colo. App. No. 21CA0797, Oct. 26, 2023) (not published pursuant to C.A.R. 35(e)). According to the relevant district court files, of which we take judicial notice under CRE 201, as of the date of this opinion, Ruffin is in a county jail awaiting retrial on the charges in one of these two cases. (It appears that Ruffin entered into a plea agreement in the other case and that, due to the time he already served, he has completed the sentence imposed in that case.) Thus, not only is Ruffin not currently in the custody of the DOC, but he has also completed the sentence that the hearing officer imposed for his COPD conviction for assault on staff.

¶ 10    Because of this unusual procedural posture, we requested supplemental briefing from the parties concerning whether this

appeal was moot.  *See Robertson v. Westminster Mall Co.*, 43 P.3d 622, 628 (Colo. App. 2001) ("An actual controversy is an essential requisite to jurisdiction.").  In its response, the DOC asserted that the case is moot because, after his conviction for assault on staff in this case, Ruffin was found guilty of two additional COPD assault charges arising from two subsequent incidents involving DOC staff.  These subsequent convictions, the DOC maintains, will control Ruffin's risk classification — and thus his level of custody as dictated by the DOC's scoring system — until November 2030, no matter how this appeal is resolved.

¶ 11    Based on our own review of the COPD regulations, however, we conclude that Ruffin's conviction in this case could have at least some potential impact on his risk classification in the event that he returns to the DOC.  Specifically, while DOC Administrative Regulation 600-01(IV)(A) states that "[t]he DOC utilizes an objective rating process" to balance an offender's custody level with safety concerns, other provisions of that regulation provide for some degree of discretionary scoring upon an offender's re-entry into the DOC system.  *See* DOC Admin. Reg. 600-01(IV)(D)(4) ("All previously documented custody issues for offenders returning to custody will

be reviewed for validity and verification to determine if the custody issue should remain or be removed."); *see also* DOC Admin. Reg. 600-01(IV)(E)(2)(c), (f) (describing "[d]iscretionary classification scoring," which permits an offender to be "re-score[d]" under certain circumstances, including "[f]acility security and/or safety," as well as "[a]ny other reason deemed sufficient by the case manager, and/or internal classification committee chairperson").

¶ 12 In other words, the discretionary component of the DOC's regulations on offender classification creates the possibility that Ruffin's entire COPD history — including the assault conviction at issue in this appeal — could be taken into account and influence his classification in the event that he re-enters the DOC system in the future. Accordingly, Ruffin has a "concrete interest" in the outcome of this appeal. *Knox,* 567 U.S. at 307. It is therefore not moot.

### III. Due Process

¶ 13 Turning to the merits, Ruffin contends on appeal that the hearing officer deprived him of his right to due process of law when she refused to permit him to cross-examine Cervantes at the disciplinary hearing. We agree.

## A. Standard of Review

¶ 14 Our review of a disciplinary conviction is limited to whether prison officials abused their discretion or exceeded their jurisdiction in finding Ruffin guilty of the disciplinary charges. *See Marymee v. Exec. Dir. of Colo. Dep't of Corr.*, 2014 COA 44, ¶ 7; *Thomas v. Colo. Dep't of Corr.*, 117 P.3d 7, 8 (Colo. App. 2004); *see also* C.R.C.P. 106(a)(4), 106.5(i)(2). Because we sit in the same position as the district court when reviewing the DOC's disciplinary decision, we review the district court's ruling de novo. *Dawson v. Exec. Dir. of Colo. Dep't of Corr.*, 2014 COA 69, ¶ 6.

## B. Applicable Legal Standards

¶ 15 "An inmate in a disciplinary hearing enjoys only the most basic due process rights." *Boles v. Bartruff*, 228 P.3d 183, 186 (Colo. App. 2009); *see Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). "Procedures that are essential in criminal trials where the accused, if found guilty, may be subjected to the most serious deprivations, are not rights universally applicable to prison disciplinary proceedings." *Boles*, 228 P.3d at 186. Instead, the due process rights available to inmates are (1) advance written notice of the charge; (2) the ability to call witnesses and present documentary

8

evidence when not unduly hazardous to institutional safety or correctional goals; and (3) a written statement of the evidence relied upon and the reasons for the disciplinary action taken. *Id.*

¶ 16    Hearing procedures outlined in the DOC's administrative regulations give life to these constitutional requirements. As relevant here, inmates can request witnesses on their behalf, including persons who witnessed or investigated the violations charged. *See* DOC Admin. Reg. 150-01(IV)(F)(3)(h)(1), (5). But an inmate's right to call witnesses is not absolute and must be balanced against institutional needs and objectives. *Marymee,* ¶ 20. If a hearing officer denies an inmate's request to present a witness, that decision "will be explained in writing." DOC Admin. Reg. 150-01(IV)(F)(3)(h)(1). In addition, "[w]itnesses may be limited by the hearing officer or board if their testimony is determined to be irrelevant, incompetent, or unduly repetitious and such determination is documented in the record." *See* DOC Admin. Reg. 150-01(IV)(F)(3)(h)(4). "[S]o long as the reasons are logically related to preventing undue hazards to 'institutional safety or correctional goals,' the explanation should meet . . . due process

requirements . . . ." *Ponte v. Real*, 471 U.S. 491, 497 (1985) (citation omitted).

## C.    Analysis

¶ 17    Ruffin contends that the hearing officer denied him due process when she refused to allow him to call Cervantes as a witness and failed to explain her reasoning in writing.[3]

¶ 18    The disciplinary hearing was not transcribed, but it was audio-recorded, and we include a rough transcript of the relevant portion of the hearing below:

>  Ruffin: I would like to call Cervantes as a witness.
>
>  Hearing Officer: What's he going to say to aid in your defense?  He wrote a report.
>
>  Ruffin: I would just like to lay down the foundation of what's going on in the video.
>
>  Hearing Officer: He wrote a report.  And the report was given to you.
>
>  Ruffin: But his report doesn't reflect what happens in the video, completely.

---

[3] We note that Ruffin did not have a Sixth Amendment right to confront Cervantes because the disciplinary hearing was not a criminal proceeding.  *See Wolff v. McDonnell*, 418 U.S. 539, 567 (1974).

Hearing Officer: It says exactly what happened in the video. I'm not going to call Cervantes, he wrote a report. And you were given a copy of that report.

Ruffin: That is true. But what I'm saying is this. I want to play the video for Cervantes. He contradicts himself. I was just watching the video, he contradicts himself. In the video, he says he put his hand on the tray slot and his hand was not on the tray slot. You can see the tray slot very clearly on the video. As a matter of fact, while the [cross talk] he is standing to the side of the tray slot. You can't be in two places at the same time.

Hearing Officer: I've already made my ruling on Cervantes. I'm not going to call him. He wrote a report.

¶ 19     The hearing officer did not issue a written ruling explaining her decision to exclude Cervantes as a witness, as DOC Administrative Regulation 150-01(IV)(F)(3)(h)(1) requires. Nonetheless, as best we can tell from the colloquy above, she offered two reasons for her decision. First, the hearing officer stated that Cervantes's report "sa[id] exactly what happened in the video." And second, she appears to have ruled that Ruffin's examination of Cervantes would be superfluous because Cervantes "wrote a report."

11

¶ 20 Neither of these explanations is persuasive. First, we are troubled by the hearing officer's apparent conclusion — reached before all the evidence had been presented — that Cervantes's report accurately reflected the events that were captured in the video. Due process demands that the hearing officer consider all the evidence before reaching such a dispositive conclusion. *See, e.g., Francis v. Coughlin,* 891 F.2d 43, 46 (2d Cir. 1989) ("[I]t would be improper for prison officials to decide the disposition of a case before it was heard."). All the more so here, where, having viewed the video ourselves and compared it to Cervantes's description of the altercation, there appear to be inconsistencies between what is depicted in the video and what Cervantes reported happened.

¶ 21 Second, the hearing officer's conclusion that Cervantes should not be called because he "wrote a report" betrays a fundamental misunderstanding of an inmate's due process rights in the prison disciplinary context. To be sure, officials presiding over prison disciplinary proceedings should not countenance efforts to elicit "irrelevant, incompetent, or unduly repetitious" testimony. DOC Admin. Reg. 150-01(IV)(F)(3)(h)(4). But challenging the credibility of a complaining officer by highlighting inconsistencies between his

report and other available evidence is at the heart of the limited due process right afforded to a prisoner facing disciplinary charges. *See Wolff*, 418 U.S. at 556. Indeed, Ruffin's entire argument was that the hearing officer should not accept Cervantes's factual assertions as true because they were inconsistent with the available video evidence. And nothing in the record suggests that Ruffin's challenge to Cervantes's credibility would have been irrelevant, incompetent, unduly repetitious, or otherwise problematic. Accordingly, the hearing officer erred by refusing to allow Ruffin to call Cervantes as a witness. Because that error abridged Ruffin's due process rights, we must reverse.

## IV.    Disposition

¶ 22    The judgment is reversed, and this matter is remanded to the district court for further proceedings consistent with this opinion.

JUDGE TOW and JUDGE LIPINSKY concur.