Jere Lane HENRY, Appellant,

v.

Wayne K. PATTERSON, Warden, Colorado State Penitentiary, Appellee.

No. 8632.

United States Court of Appeals
Tenth Circuit.

July 18, 1966.

———◆———

Benjamin C. Langel, Wichita, Kan., for appellant.

James W. Creamer, Jr., Asst. Atty. Gen. (Duke W. Dunbar, Atty. Gen., on brief), for appellee.

Before LEWIS and SETH, Circuit Judges, and LANGLEY, District Judge.

LANGLEY, District Judge.

The appellant is a prisoner in the Colorado State Penitentiary at Canon City, Colorado, serving a term of not less than four nor more than five years. Sentence was imposed on December 19, 1962, by the District Court of Jefferson County, Colorado, for the crime of larceny of mortgaged property. According to appellant's calculations, with statutory good credits and accrued Warden's trustee time he became entitled to his release on September 3, 1965. He was not released from the penitentiary at that time, however, because these allowances were forfeited by the prison board following the return of the appellant to prison after an escape in May of 1963. On October 8, 1965, he applied to the United States District Court for the District of Colorado for a writ of habeas corpus, alleging continued incarceration in violation of his constitutional rights. The district court denied his application for the reason that he had not exhausted the remedies available to him in the state courts, and from this order he has appealed.

It is the appellant's position, first, that no remedies are available to him in the state court to review the action of the prison board, and second, that the proceedings whereby his good time credits were forfeited were conducted in violation of his constitutional rights. It is not necessary for us to consider the second contention, however; we agree with the court below that the appellant has not exhausted his state remedies. Colorado Revised Statutes, Section 65–1–3(2), it appears to us is an authorization to test the legality of the prison board proceedings in the state courts. Further, as the court below suggests, Colorado Rules of Civil Procedure 106 appears to contain language affording remedy against the misuse of administrative power.

Affirmed.