**Robert KODAMA, Petitioner–Appellant,**

v.

**H.B. JOHNSON, Superintendent, Centennial Corrections Facility, Canon City, Colorado, 81212, Respondent–Appellee.**

No. 89SA96.

Supreme Court of Colorado,
En Banc.

Feb. 12, 1990.

Robert Kodama, pro se.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Terrence A. Gillespie, Asst. Atty. Gen., Denver, for respondent-appellee.

Justice ERICKSON delivered the Opinion of the Court.

Petitioner-appellant Robert Kodama appeals the trial court order denying his petition for writ of habeas corpus.[1] The trial court found that the requested relief was not available in a habeas corpus proceeding, and addressed the petition as an untimely filed motion under C.R.C.P. 106(a)(4). We affirm.

On October 31, 1980, Kodama was convicted on two charges of second-degree burglary. He was sentenced to the Department of Corrections (D.O.C.) for terms of six years on one conviction and three years on the other. The sentences were imposed concurrently. Kodama was placed in the Buena Vista correctional facility. On February 20, 1981, he was charged with four disciplinary violations resulting from a dining hall incident. He was found guilty on all four charges and forfeited fifty days of good time credit as a penalty.

On June 24, 1983, after he was transferred to a community corrections facility, Kodama was charged with disciplinary infractions for unauthorized absence and assault. Both charges stemmed from Kodama's absence from his assigned employment and for attacking and injuring a man during his absence. On June 29, 1983, at a disciplinary proceeding, Kodama was found to have committed both violations and was given consecutive penalties resulting in forfeiture of fifty days good time credit and twenty-five days punitive segregation. In addition, while he was in the community corrections program, he was charged with first degree burglary.

Kodama was released on mandatory parole on November 19, 1983 and turned over to the Denver Sheriff's Department on a detainer from the Denver District Court on the pending first degree burglary charge. On April 12, 1984, he pled guilty to first degree burglary, and was sentenced to the custody of the D.O.C. for a term of fifteen years plus one year of parole. His parole on the two second degree burglary convictions was not revoked as a result of the first degree burglary conviction. Accordingly, he was discharged from the burglary sentences on November 19, 1984 while he was serving the sentence imposed on his first-degree burglary conviction.

On October 29, 1988, Kodama filed a written request that respondent-appellee H.B. Johnson, as superintendent and chief disciplinary officer of the correctional facility to which he was assigned, restore five days of good time credit improperly withheld as a result of the February 21, 1981 disciplinary proceeding. Kodama contended that good time credit of 45 days was the maximum amount that could be withheld pursuant to the D.O.C. Code of Penal Discipline. In addition, he asserted that the consecutive penalties were improperly imposed in the June 29, 1983 disciplinary proceeding since the violations arose out of the same incident and he requested the return of ten days of good time credit withheld in the June 29, 1983 proceeding.[2] Johnson agreed that forfeiture of forty-five days good time credit was the maximum penalty that could have been imposed in the February 21, 1981 proceeding, and recommended that five days good time credit be restored to Kodama.[3] Johnson disputed, however, that the penalties in the June 29, 1983 proceeding arose from the same incident,

---

1. The supreme court has jurisdiction over appeals from habeas corpus proceedings. *See* § 13–4–102(1), 6A C.R.S. (1987).

2. The Code of Penal Discipline, D.O.C. Regulation 203–1(7)(h)(3)(b) (1984) provides:
   An inmate shall be found guilty of only one charge arising out of the same act. Sanctions must be imposed concurrently for cumulative offenses arising out of the same incident.

Johnson contends that the assault and unauthorized absence violations are not "cumulative offenses arising out of the same incident."

3. Pursuant to the D.O.C.'s regulations pertaining to sentence computation and application of good time credit, only the executive director of the D.O.C. or his designee may approve restoration of good time credit. D.O.C. Regulation 201–7 (1984).

and did not recommend restoration of ten days of good time credit because the assault and unauthorized absence were different violations. Based on the briefs, Johnson's recommendations were followed by the executive director of the D.O.C.

■ Kodama then filed a petition for habeas corpus on December 28, 1988, alleging that his constitutional rights to due process were violated by the imposition of consecutive penalties arising out of the same incident contrary to the provisions of the Code of Penal Discipline. The trial court denied the petition on the grounds that the relief requested by Kodama was not available in a habeas corpus proceeding, and because the petition, if considered to be a motion under C.R.C.P. 106(a)(4), was not timely filed.[4] Kodama appealed.[5]

■ The purpose of a habeas corpus proceeding under the Habeas Corpus Act, section 13–45–101 to –119, 6A C.R.S. (1987), is to determine whether the petitioner is being lawfully detained by the respondent. *E.g., Mulkey v. Sullivan,* 753 P.2d 1226, 1232 (Colo.1988). The only issue is whether the custodian has the legal authority to detain the prisoner. *Reed v. People,* 745 P.2d 235, 238 (Colo.1987). Habeas corpus relief may be available under some circumstances where complete discharge from custody does not result. *See Naranjo v. Johnson,* 770 P.2d 784 (Colo.1989). However, the relief requested, if granted, must have some practical effect on the restraint of the prisoner at the time of the hearing. *See Tippett v. Johnson,* 742 P.2d 314, 315 (Colo.1987); *White v. Rickets,* 684 P.2d 239, 241 (Colo.1984).

■ In this case, Kodama seeks review of forfeiture of good time credits imposed in a D.O.C. disciplinary proceeding. "Intervention by the judiciary into the administration of correction programs is reserved for the most serious of violations of fundamental rights...." *White v. Rickets,* 684 P.2d at 241. An inmate does not have a constitutional right to good time credit. *People v. Turman,* 659 P.2d 1368, 1371 (Colo.1983). If the petition were granted, Kodama's requested relief would have no practical effect on the current conditions of his confinement. Colorado courts have traditionally refused to review the propriety of prison disciplinary penalties involving the forfeiture of good time credits. *See Glass v. Tinsley,* 154 Colo. 70, 388 P.2d 249 (1964).

The availability of habeas corpus relief is also dependent on the unavailability of other remedies. *Blevins v. Tihonovich,* 728 P.2d 732, 737 (Colo.1986). The Attorney General asserts that Kodama's remedy is under C.R.C.P. 106(a)(4) which provides a means for review of quasi-judicial functions of administrative officials where there is no alternative remedy. A quasi-judicial act involves the exercise of discretion and requires notice and a hearing. *City of Englewood v. Daily,* 158 Colo. 356, 361, 407 P.2d 325, 327 (1965). A disciplinary hearing is a quasi-judicial activity and we agree that the improper withholding of good time credits pursuant to a disciplinary penalty may be reviewed pursuant to Rule 106(a)(4). *Henry v. Patterson,* 363 F.2d 443 (10th Cir.1966) (habeas corpus not available where C.R.C.P. 106(a)(4) provided a remedy for allegedly improper forfeiture of good time credits as a penalty in a

**4.** C.R.C.P. 106(b) provides for a thirty day limitations period for certiorari review pursuant to Rule 106 unless otherwise provided by law.

**5.** Johnson moved to dismiss Kodama's appeal on the grounds that the appeal is moot since the good time credits at issue were earned and withdrawn while the two concurrent sentences for second-degree burglary were being served. Kodama was discharged from those sentences in 1984. Section 17–22.5–101, 8A C.R.S. (1986) provides "[f]or the purposes of this article [Article 22.5, Inmate and Parole Time Computation], when any inmate has been committed under several convictions with separate sentences, the department shall construe all sentence as one continuous sentence." In 1988, Johnson recommended that five days of good time credit that was improperly withdrawn as a disciplinary penalty in 1980 be restored to Kodama, and Johnson's recommendations were carried out. The D.O.C. interprets section 17–22.5–101 as permitting good time credits improperly withheld during a prior discharged sentence to be restored and applied to an inmate's current sentence where the inmate has been held in continuous custody. Therefore the appeal is not moot.

**420**

prison disciplinary proceeding); *see also Carlson v. Oliver*, 372 A.2d 226 (Me.1977) (civil action in nature of certiorari proper to review prison disciplinary proceeding); *Hill v. Superintendent*, 392 Mass. 198, 466 N.E.2d 818 (1984) (habeas corpus action for review of prison disciplinary proceeding should have been brought as civil action in nature of certiorari), *rev'd on other grounds* 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Moore v. Black*, 220 Neb. 122, 368 N.W.2d 488 (1985) (judicial review of prison disciplinary proceeding through statutory proceeding in error appropriate where no other method of appeal existed). Kodama's untimely motion did not make habeas corpus relief available to him. *See Stubben v. Flathead County Dep't. of Public Welfare*, 171 Mont. 111, 556 P.2d 904 (1976) (failure to file a timely appeal does not render habeas corpus proper); *Short v. Smith*, 550 P.2d 204 (Utah 1976) (accord).

Judicial review of prison disciplinary proceedings must take into account the correctional setting of the proceeding and the state's interest in the safe and efficient operation of its prison system. *See Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (inmate's minimum due process rights in disciplinary hearing determined in light of state's interest in safe and efficient operation of its prisons). The scope of judicial review in this type of case is very limited. Under *Superintendent v. Hill*, the decision of the prison officials must be upheld if it is supported by some evidence in the record. The Supreme Court provided guidance on the standard in these words:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is *any* evidence in the record that could support the conclusion of the disciplinary board.

472 U.S. at 455–56, 105 S.Ct. at 2774 (emphasis added). The deferential scope of review embodied in the "some evidence" standard furthers prevention of "arbitrary deprivations without threatening institutional interests or imposing undue administrative burdens." *Superintendent v. Hill*, 472 U.S. at 455, 105 S.Ct. at 2774.

 A petitioner is entitled to a hearing on a petition for habeas corpus only if he makes a prima facie showing that his confinement is invalid. *Reed v. People*, 745 P.2d at 239. Since Kodama requested relief that is not available in a habeas corpus proceeding, the trial court properly dismissed the petition as insufficient on its face.[6]

We affirm.

VOLLACK, J., does not participate.

---

**6.** Section 13–45–101, 6A C.R.S. (1987), provides that "the court to which the application is made shall forthwith award the writ of habeas corpus, unless it appears from the petition itself, or from the documents annexed, that the party can neither be discharged nor admitted to bail nor in any other manner relieved."