**Joseph W. HIGGINS, Petitioner–Appellant,**

v.

**COLORADO DEPARTMENT OF CORRECTIONS; Donice Neal, Warden; William Bokra, Deputy Warden; and Major Bennett, Manager, Colorado Correctional Center, Respondents–Appellees.**

No. 93CA0608.

Colorado Court of Appeals, Div. III.

May 19, 1994.

Joseph W. Higgins, pro se.

Gale A. Norton, Atty. Gen., Stephen K. Erkenbrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John August Lizza, First Asst. Atty. Gen., Denver, for respondents-appellees.

Opinion by Judge DAVIDSON.

Petitioner, Joseph Higgins, appeals from the judgment of the trial court denying his request for relief under C.R.C.P. 106(a)(2) from the prison disciplinary action taken by respondent, Colorado Department of Corrections (D.O.C.). We affirm.

Petitioner was an inmate in the Colorado Correctional Center of the D.O.C. He was

charged with five disciplinary violations resulting from infractions which allegedly occurred while he was temporarily in the custody of the Mesa County Jail.

In January 1993, a hearing was held on three of the five charges in Case No. 92–0159. Petitioner was represented by an inmate representative and testified in his own defense, denying the allegations. He was found not guilty on all three charges. The dispositional document noted that: "Higgins was under the jurisdiction of Mesa County District Court at the time of the offense." The D.O.C. thereupon dismissed the remaining two disciplinary charges, Case Nos. 92–0160 and 92–0161, citing the fact that "Higgins was in the jurisdiction of Mesa County District Court."

Subsequently, however, following consultations with its Legal Affairs Office, the D.O.C. reinstated the two dismissed charges. At the hearing on those charges, in January 1993, petitioner waived representation. Petitioner also did not dispute or contest the evidence presented against him; instead, he challenged the validity of the hearing, arguing that the D.O.C. lacked jurisdiction to discipline him for offenses which occurred at the Mesa County Jail. Petitioner was found guilty on both charges and was given cumulative penalties consisting of the forfeiture of fifteen days good time credit and the imposition of fifteen days punitive segregation. On appeal, the facility supervisor affirmed the hearing decisions.

Petitioner then filed a petition pursuant to C.R.C.P. 106(a)(2), alleging various grounds for relief. The trial court dismissed the petition, concluding, *inter alia*, that the D.O.C. had jurisdiction to discipline the petitioner.

I.

On appeal, petitioner argues that the trial court erred in refusing to compel the D.O.C. to reinstate good time credits withdrawn as a result of the disciplinary action taken against him. Specifically, he contends that the D.O.C. lacks jurisdiction to discipline inmates for infractions which occur while the inmates are temporarily in the custody of a local detention facility, such as the Mesa County Jail. We do not agree.

The D.O.C.Code of Penal Discipline establishes a system of prohibitions and sanctions for inmate conduct which causes or threatens to cause harm to self, others, or property. *Alvarez v. State,* 638 P.2d 804 (Colo.App. 1981).

D.O.C. Regulation 203–1(5)(a) (1984) provides:

> *Inmates Subject to Code*—All inmates in the custody of the executive director of the Department of Corrections shall be subject to this code. All violations of this code shall be punishable as disciplinary violations.

The term "custody" is statutorily defined:

> When any person is sentenced to any correctional facility, that person *shall be deemed* to be in the custody of the executive director or his designee and shall begin serving his sentence on the date of sentencing.

Section 17–22.5–102, C.R.S. (1986 Repl.Vol. 8A) (emphasis added).

The statutory framework governing prisoners incarcerated in D.O.C. facilities contemplates that state prisoners may temporarily be incarcerated in county and city jails. Section 17–1–112, C.R.S. (1993 Cum.Supp.), and § 13–45–111, C.R.S. (1987 Repl.Vol. 6A), authorize the transfer of prisoners pursuant to a "legal writ." In addition, our courts have recognized that a defendant is entitled to good-time credit for time spent incarcerated in a local jail prior to sentencing. *People v. Chavez,* 659 P.2d 1381 (Colo.1983).

■ If good-time credit must be credited while a defendant is incarcerated in a local jail, it logically follows that an inmate can also forfeit good-time credit for willful violations of the prison rules and regulations while he or she is temporarily incarcerated in a local jail. *See Kodama v. Johnson,* 786 P.2d 417 (Colo.1990). This interpretation furthers the public policy of insuring that inmate control and discipline are established and maintained. *See* Code of Penal Discipline, D.O.C. Regulation 203–1(4)(a)(1) (1984).

**126**

Here, it is undisputed that petitioner was in the legal custody of the D.O.C. and would remain so for the duration of his sentence. *See Renneke v. Kautzky*, 782 P.2d 343 (Colo.1989). It is also undisputed that petitioner was transferred from the Colorado Correctional Center to the Mesa County Jail pursuant to a valid writ. Accordingly, we conclude that petitioner was under the jurisdiction of the D.O.C. and subject to the Code of Penal Discipline at the time he committed the infractions at the Mesa County Jail.

## II.

Petitioner next argues that the D.O.C. improperly reinstated the charges under Case Nos. 92–0160 and 92–0161. We disagree.

The record indicates that Case Nos. 92–0160 and 92–0161 were dismissed *prior* to hearing and that no final decision in those cases was rendered. Therefore, the D.O.C. was not barred from reinstating the charges, particularly inasmuch as the petitioner has neither alleged nor established any legal prejudice as a result of the dismissal and reinstatement. *See Tillery v. District Court*, 692 P.2d 1079 (Colo.1984).

## III.

We also reject any contention of error relating to petitioner's alleged inability to call or subpoena witnesses. The record shows that petitioner relied upon a jurisdictional challenge to the hearings in 92–0160 and 92–0161 and did not seek to present any evidence on his behalf. Thus, he cannot assert error on this basis for the first time on appeal. *See People v. Lesney*, 855 P.2d 1364 (Colo.1993).

Order affirmed.

CRISWELL and TAUBMAN, JJ., concur.