Mark **MARIANI**, Plaintiff–Appellant,

v.

**COLORADO DEPARTMENT OF CORRECTIONS**, Defendant–Appellee.

No. 96CA0930.

Colorado Court of Appeals, Div. I.

Oct. 16, 1997.

Rehearing Denied Nov. 20, 1997.

Certiorari Denied June 1, 1998.

to be involved in the conspiracy to harm the two correctional officers. Further, the summary indicated that the information gathered came from confidential sources and contained a general summary of the confidential information.

At the disciplinary hearing on May 17, 1995, the DOC informed Mariani of the charges against him, including the definition of each charged offense and possible defenses thereto. The hearing officer denied Mariani's request for full disclosure of the confidential statements as well as his request for any identifying information of the confidential sources.

The Code permits the use of confidential statements but requires that, prior to the use of confidential information, the hearing officer must determine if the information is reliable. The requisite indicia of reliability is present if the hearing officer finds at least one of the following: the confidential informant had previously provided accurate information; the information concerns a firsthand observation by the confidential informant; there is corroboration from another source; or there is physical evidence consistent with the information. Additionally, the Code requires that the inmate be informed of the general substance of the confidential information.

At the outset of the disciplinary hearing, the hearing officer determined:

> The code of Penal Discipline has ... requirements that, in order to determine reliability of the confidential information and any one of the four has to be met, not all four, but just any one of the four, and in this case I have ruled that the firsthand observation was met, as well as corroboration from the other sources.

Based upon the information of the confidential informants and other testimony presented, the hearing officer found Mariani had violated the rules as charged and sentenced him to 60 days of segregation and 90 days loss of good time. He sought review under C.R.C.P. 106(a)(4) in the district court and appeals the adverse ruling of that court.

Evans A. Garcia, Denver; Riggs, Abney, Neal, Turpen, Orbison & Lewis/Vranesic, Peters & McBride, P.C., Anthony J. Garcia, Denver, for Plaintiff–Appellant.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Joseph Haughain, Assistant Attorney General, Denver, for Defendant–Appellee.

Opinion by Chief Judge STERNBERG.

Plaintiff, Mark Mariani, appeals a judgment of the district court that affirmed disciplinary action taken against him by defendant, Colorado Department of Corrections (DOC). We affirm.

Mariani, an inmate at the Arkansas Valley Correctional Facility, was charged by the DOC with violating three rules contained in the Code of Penal Discipline (the Code). The charges were kidnapping, attempt, and complicity; assault; and rape, attempt, and complicity. The notice of charges contained a summary of the underlying factual allegations.

According to that summary, an unnamed inmate informed a correctional staff member of a plan to abduct and rape a female correctional officer. Additionally, on the same date, other unnamed inmates informed a correctional staff member of a plan to drop a bucket of hot water from the third tier on a male correctional officer. The summary listed all individuals, including Mariani, alleged

## I. Too Trivial for Review

■ At the outset, we note that a respondent may, without filing a cross-appeal, defend the judgment of the trial court on any ground supported by the record, provided doing so does not increase that party's rights under the judgment. *Farmers Group, Inc. v. Williams*, 805 P.2d 419 (Colo.1991). The same rule applies in an administrative proceeding. *See Ehrle v. Department of Administration*, 844 P.2d 1267 (Colo.App.1992).

■ Accordingly, we do address the DOC's assertion that this matter is too trivial to merit judicial review. Relying on *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the DOC contends that the discipline imposed on Mariani does not present a drastic departure from the basic conditions of incarceration, and therefore, that the disciplinary action is not reviewable. We disagree.

C.R.C.P. 106(a)(4)(I) provides for review "[w]here any governmental body or officer or any lower judicial body exercising judicial or quasi-judicial functions has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy otherwise provided by law." The scope of C.R.C.P. 106(a) includes prison disciplinary proceedings. *Henry v. Patterson*, 363 F.2d 443 (10th Cir.1966).

The DOC's reliance on *Sandin v. Conner*, *supra*, is misguided. Although the Supreme Court held that the Due Process clause does not by itself create a protected liberty interest for inmates to remain free from disciplinary action, it did not foreclose *all* protections afforded to inmates. Specifically, the Supreme Court noted:

> Prisoners ... of course, retain other protection from arbitrary state action even within the expected conditions of confinement. They may invoke the First and Eighth Amendments and the Equal Protection Clause of the Fourteenth Amendment where appropriate, and may draw upon internal prison grievance procedures and *state judicial review where available*.

*Sandin v. Conner*, *supra* (fn.11) (emphasis added).

Colorado provides for judicial review of prison disciplinary actions pursuant to C.R.C.P. 106. Thus, we conclude that Mariani's claim is cognizable and properly before this court.

## II. Confidential Informants

■ On appeal, Mariani first contends that fundamental fairness requires disclosure of the confidential statements that underlie his conviction. Mariani argues that without such access he was unable to prepare an adequate defense. We perceive no error.

■ In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court observed that it is necessary to balance the due process rights of inmates against the institutional concern for security. An inmate in a disciplinary hearing enjoys only the most basic due process rights: the right to advance written notice of the charged violations of the code of penal discipline; the right to a written statement by the hearing officer setting forth the reasons for the disciplinary action and the evidence relied upon; and finally, the right to call witnesses and present evidence in defense of the charged offenses when doing so does not interfere with the security and order of the institution. *Wolff v. McDonnell*, *supra*.

■ An inmate's right to access confidential informant testimony is not absolute. As with other aspects of the disciplinary hearing, it is necessary to balance the due process rights of the inmate against the administrative needs of a penal institution, specifically the need to encourage and protect confidential inmate informants and the need to preserve order. Most jurisdictions therefore allow the use of confidential informant information, but predicate such use upon an explicit finding of reliability. *See, e.g., In re Estrada*, 47 Cal.App.4th 1688, 55 Cal.Rptr.2d 506 (Cal.Ct.App.1996) (no due process right to confront or cross-examine confidential informants or be informed of their identities; however, determination of informants' reliability is necessary); *Abdur-Raheem v. Mann*, 85 N.Y.2d 113, 623 N.Y.S.2d 758, 647 N.E.2d 1266 (1995) (hearing officer in prison disciplinary proceeding may not rely on confidential informant testi-

mony unless the hearing officer first makes an independent assessment of the informant's reliability).

In criminal cases fundamental fairness at times dictates that confidential statements be released so the accused may adequately prepare a defense. *See People v. District Court,* 767 P.2d 1208 (Colo.1989); *People v. Anderson,* 837 P.2d 293 (Colo.App.1992). In our view, such a rule would be unworkable in a prison disciplinary setting.

A better rule permits confidential informant testimony in disciplinary hearings to remain confidential if allowing the accused access to the full statement would legitimately jeopardize the security of the institution. In such instances, due process requires the hearing officer to make an independent determination that the confidential informant is reliable before using any such information in the disciplinary proceeding. In our view, the four factors set forth in the Code provide a sufficient basis for this assessment. Additionally, the Code meets the requirement of fundamental fairness in requiring that, if penal security prevents full disclosure, the accused inmate receive an accurate summary of the confidential information. This rule thus protects the inmate's due process right to be free from arbitrary state action while not unduly interfering with the DOC's interest in penal security.

Here, the hearing officer made explicit findings that the informant testimony was reliable based upon both other corroborating evidence and firsthand observation. Moreover, the hearing officer concluded that releasing the confidential statements would "present a clear and present danger to the safety of the people giving the testimony."

. The summary of the confidential information given Mariani provided the date and time of the plan to injure the correctional officers, and supplied additional details, thus complying with the requirement of the Code.

Although Mariani was unable to attack specifically individual portions of the confidential information, he was able to attack the substance of the underlying allegations. In fact, he did question a correctional officer concerning the timing of the informant state-ments and whether there was a potential motive for bias.

Thus, we conclude that the requirements of the Code and Mariani's due process right to a fundamentally fair hearing were not violated.

## III. Notice

■ Mariani next contends that the charging document was impermissibly vague, and therefore, he was not clearly advised of the charges against him, thus violating his right to due process. We are not persuaded.

■ *Wolff v. McDonnell, supra,* requires that an inmate be given advance written notice of the disciplinary charges pending against him or her. The function of notice is to give the charged inmate a chance both to clarify the nature of the charges and to marshal facts in his or her defense. *Wolff v. McDonnell, supra.*

Here, the written notice given to Mariani included both the alleged charges and a factual statement underlying the allegations. Although the listed disciplinary violations charged "attempt and complicity" with regard to kidnapping and rape, the factual summary provided that Mariani "conspired to abduct and rape" a specific correctional officer. In our view, this variation between the listed charges and the summary did not prevent Mariani from receiving a clear advisement of the charges against him. We note that the standard definition of complicity includes a reference to conspiracy, *see Black's Law Dictionary* 285 (6th ed.1990), and the Code of Penal Discipline provides an inmate is guilty of complicity if he or she "commands, induces, encourages, procures or aids" another to commit an offense.

Furthermore, the information provided to Mariani described the alleged plans to injure the two correctional officers, the other inmates involved, and the relevant time and date of receipt of the evidence. Mariani also received notice that the information underlying the charges came from confidential sources, and when asked, he conceded that he had read the charges and understood them.

From this, Mariani could reasonably conclude that prison officials suspected him of taking part in a plan to injure two correctional officers. Thus, there was no due process violation.

### IV. Evidence on the Record

 Mariani's next contention is that the DOC abused its discretion in convicting him on a record that is devoid of evidence of both actus reus, a wrongful deed, and mens rea, a guilty mind. We disagree.

A reviewing court must uphold the decision of the prison officials if supported by some evidence in the record. *Kodama v. Johnson,* 786 P.2d 417 (Colo.1990).

Based upon the testimony presented at the hearing as well as information from confidential informants, the hearing officer found Mariani had committed the disciplinary violations. The hearing officer having concluded that the confidential informants were reliable, it is not for this court to make its own assessment of the credibility of witnesses or re-weigh the evidence. *Kodama v. Johnson, supra.*

From our review of the record, including tape recordings of the confidential informants' statements, we determine that there is some evidence on the record to support each conviction.

Thus, we conclude that the DOC did not abuse its discretion in convicting Mariani of the aforementioned disciplinary violations.

### V. Constitutional Challenge

 Finally, Mariani contends that the regulations serving as the basis for the assault charge against him are impermissibly vague and overbroad. We decline to reach the merits of this contention as it is not properly before this court.

 As noted, the scope of review under C.R.C.P. 106(a)(4) is limited to a determination of jurisdiction and an abuse of discretion. *Hawkins v. Hunt,* 113 Colo. 468, 160 P.2d 357 (1945). Thus, a facial challenge to administrative regulations on the grounds of vagueness and overbreadth is beyond the scope of C.R.C.P. 106(a)(4). Therefore, we decline to rule on the constitutionality of the regulation.

Judgment affirmed.

METZGER and PLANK, JJ., concur