23CA0777 Farrow v CDOC 09-26-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0777
Fremont County District Court No. 22CV9
Honorable Lynette M. Wenner, Judge

---

Michael Farrow,

Plaintiff-Appellant,

v.

Executive Director of the Colorado Department of Corrections and Warden at Colorado State Penitentiary,

Defendants-Appellees.

---

JUDGMENT AFFIRMED

Division II
Opinion by JUDGE SCHOCK
Fox and Johnson, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 26, 2024

---

Michael Farrow, Pro Se

Philip J. Weiser, Attorney General, Rebekah Ryan, Assistant Attorney General, Denver, Colorado, for Defendants-Appellees

¶ 1     Plaintiff, Michael Farrow, an inmate in the custody of the Colorado Department of Corrections (DOC), appeals the district court judgment affirming his prison disciplinary conviction for verbal abuse of prison staff under C.R.C.P. 106.5. We affirm.

## I.     Background

¶ 2     Farrow was charged in a prison disciplinary proceeding with verbal abuse of Sergeant Dakota Green. According to Sergeant Green's report, Sergeant Green ordered Farrow to stop kicking his cell door. Farrow responded, "Shut up bitch." Sergeant Green told Farrow, "The verbal abuse will not be tolerated sir." And Farrow responded, "Racist ass motherfucker, racist trailer park piece of shit. Fucking white trash."

¶ 3     The hearing was originally scheduled for November 19, 2021. But Farrow was on a mental health watch from November 16 to November 20. So on the morning of the hearing, a prison official requested to continue the hearing because Farrow needed time to prepare a defense. The hearing was reset for November 30.

¶ 4     The morning of the rescheduled hearing, three correctional officers asked Farrow if he wanted to attend his hearing. Farrow was unresponsive. When an officer went to Farrow's cell to escort

him to the hearing, Farrow stood at the cell door looking at him but would not verbally respond.  The officers told Farrow that his lack of a response would be taken as a refusal to attend the hearing, and the hearing would proceed in his absence.  Farrow still did not respond.  Officer Martinez completed and signed a form stating that Farrow had waived his right to attend his hearing.  The form stated: "Refused to attend.  Passive at cell door."  The two other officers who witnessed the interaction were also noted on the form.

¶ 5	The hearing was held in Farrow's absence.  The hearing officer noted that Farrow had been timely served with the notice of charge and entered a not guilty plea on Farrow's behalf.  The disciplinary officer then read the notice of charge and presented Sergeant Green's incident report.  The hearing officer found Farrow guilty and imposed sanctions of ten days of lost privileges.  Farrow filed an administrative appeal, and the conviction was upheld.

¶ 6	Farrow then filed a complaint in the district court for judicial review under C.R.C.P. 106.5.  The magistrate dismissed the complaint for failure to prosecute.  Farrow timely petitioned the district court for review of that decision, and the district court

vacated the dismissal.  The district court then entered an order affirming the conviction.

## II.    Due Process

¶ 7      Farrow contends that the DOC violated his constitutional right to due process[1] by continuing the hearing and then refusing to allow him to attend the hearing, thus denying him his right to present a defense.  We disagree.

### A.    Standard of Review and Applicable Law

¶ 8      In reviewing a prison disciplinary conviction under C.R.C.P. 106.5, we sit in the same position as the district court and review its ruling de novo.  *Dawson v. Exec. Dir. of Colo. Dep't of Corr.*, 2014 COA 69, ¶ 6.  Our review is limited to determining whether the prison officials exceeded their jurisdiction or abused their discretion based on the evidence in the record before them.  *Marymee v. Exec.*

---

[1] Farrow also asserts that the DOC violated his constitutional right to equal protection, but he does not develop this argument, so we decline to consider it.  *See Woodbridge Condo. Ass'n v. Lo Viento Blanco, LLC*, 2020 COA 34, ¶ 41 n.12, *aff'd*, 2021 CO 56.  He also alludes to double jeopardy but does not develop that argument either.  *See id.*; *see also Lucero v. Gunter*, 17 F.3d 1347, 1351 (10th Cir. 1994) ("Prison disciplinary hearings are not part of a criminal prosecution and therefore do not implicate double jeopardy concerns.") (citation omitted); *People v. Watson*, 892 P.2d 388, 389-90 (Colo. App. 1994).

*Dir. of Colo. Dep't of Corr.*, 2014 COA 44, ¶ 5; *see also* C.R.C.P. 106(a)(4)(I); C.R.C.P. 106.5(a).  Unless prison officials have misinterpreted or misapplied the law, we must uphold the decision if there is "some evidence" in the record to support it.  *Dawson,* ¶ 7; *see also Kodama v. Johnson*, 786 P.2d 417, 420 (Colo. 1990).

¶ 9      Prison disciplinary proceedings must also comport with due process.  *See Mariani v. Colo. Dep't of Corr.*, 956 P.2d 625, 628 (Colo. App. 1997).  But "[a]n inmate in a disciplinary hearing enjoys only the most basic due process rights."  *Id.*  Those rights are limited to (1) the right to advance written notice of the charge; (2) the right to call witnesses and present a defense "when doing so does not interfere with the security and order of the institution"; and (3) a written statement from the hearing officer setting forth the reasons for the disciplinary action and the evidence relied on.[2]  *Id.*

### B.    Continuance of Hearing

¶ 10    Farrow first takes issue with the continuance of the hearing that was originally scheduled for November 19, 2021.  He asserts

---

[2] Farrow does not challenge the adequacy of the written notice of the charge or the hearing officer's written statement.  Nor does he challenge the sufficiency of the evidence to support his conviction.

that he was not on a mental health watch at the time of the hearing and did not say he wanted a continuance to prepare his defense.

¶ 11 The memorandum denying Farrow's administrative appeal confirms that Farrow was on a mental health watch from November 16 to November 20. But more to the point, it does not matter. The hearing was continued for good cause at the request of prison staff. *See* DOC Admin. Reg. 150-01(IV)(F)(3)(j)(1) (providing that hearing officer may grant a continuance for a reasonable period of time for good cause upon the request of the offender or the DOC employee). Farrow received notice of the continued hearing seven days in advance. There was no due process violation. *See Marymee*, ¶ 18 (requiring notice at least twenty-four hours before the hearing).

### C. Waiver of Right to Attend Hearing

¶ 12 Farrow next argues that he did not waive his right to attend his hearing and that the waiver form signed by Officer Martinez, stating that Farrow "[r]efused to attend," is false.

¶ 13 An inmate's due process right to present a defense "must be balanced against institutional needs and objectives." *Id.* at ¶ 20. Although the Code of Penal Discipline recognizes an offender's right to be present at a disciplinary hearing, inmates can waive that right

in writing *or through their behavior.* DOC Admin. Reg. 150-01(IV)(F)(4)(a)(2). If an offender refuses to attend the hearing, the hearing will proceed in the offender's absence, the refusal must be documented on the record, and a hearing waiver must be completed. DOC Admin. Reg. 150-01(IV)(F)(4)(a)(5).

¶ 14 The DOC complied with that procedure in this case. The hearing officer found, with record support, that Farrow had refused to attend the hearing. Officer Martinez signed the hearing waiver providing that Farrow had "refused to attend" and remained "passive at [his] cell door." The other two officers who witnessed the interaction were also noted on the form. And at the hearing, as well as in the written disposition, the hearing officer addressed the circumstances of Farrow's refusal in greater detail. Contrary to Farrow's assertion, he did not need to sign the waiver form; he could also waive his right to attend through his behavior.

¶ 15 Farrow's primary argument is that the officers' account of his refusal to attend the hearing is false. He points to a memorandum — which was not in the record before the hearing officer — that required prison staff to activate their body cameras during certain interactions with Farrow. He contends that the

officers' failure to record their interaction with Farrow on the morning of the hearing should therefore create a "rebuttable presumption" that their account of that interaction was false. *But see Higgins v. Colo. Dep't of Corr.*, 876 P.2d 124, 126 (Colo. App. 1994) (holding that petitioner may not assert error on ground not asserted at hearing).

¶ 16     But we cannot make credibility findings or substitute our judgment for that of the hearing officer. *See Marymee*, ¶¶ 33, 35. The hearing officer found Officer Martinez credible as to what occurred. Because there is record support for that finding — namely, the signed hearing waiver form — we are bound by it. *Id.* at ¶ 35. Moreover, even if we were to consider the memo concerning activation of body cameras by prison staff, it would not give Farrow a due process right. *See Deason v. Kautzky*, 786 P.2d 420, 422 n.5 (Colo. 1990) (noting that DOC's failure to follow its own procedural regulations does not violate due process).

## III.   Other Issues

¶ 17     Farrow also maintains that the magistrate and district court committed several errors and constitutional violations, including by (1) requiring him to pay a filing fee; (2) assigning the case to a

magistrate without consent; (3) failing to serve him with orders; (4) ordering the magistrate back on the case after he recused; (5) denying his motion for change of venue; (6) denying his motions; (7) setting too short of a briefing schedule; (8) demonstrating bias against him; and (9) making clearly erroneous factual findings.

¶ 18     But "our review in a C.R.C.P. 106.5 action is limited to the decision of the administrative body itself, and not that of the district court." *Marymee*, ¶ 36.  In other words, we independently review the board's decision with no deference to the district court's rulings. *Dawson*, ¶ 6.  We therefore do not consider Farrow's arguments regarding the propriety of the magistrate or district court orders, none of which has any bearing on our review of his conviction.

¶ 19     We also decline to revisit this court's previous denial of Farrow's request for access to the audio recording of his disciplinary hearing.  *See FSDW, LLC v. First Nat'l Bank*, 94 P.3d 1260, 1262 (Colo. App. 2004) ("We generally will decline to revisit rulings of the motions division, especially when they reflect some discretionary consideration.").  Farrow asserts that he is prejudiced by that denial because he cannot cite to specific points in the audio file to support his claim of error.  But we have listened to the audio file in its

entirety, and the pertinent portions of the hearing are fully and accurately reflected in the hearing officer's written disposition.

## IV. Disposition

¶ 20 The judgment is affirmed.

JUDGE FOX and JUDGE JOHNSON concur.