24CA1997 Boles v Sterling 11-26-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1997
Logan County District Court No. 23CV14
Honorable Robert C. James, Judge

Russell M. Boles,

Plaintiff-Appellant,

v.

Sterling Correctional Facility and Warden of Sterling Correctional Facility,

Defendants-Appellees.

JUDGMENT AFFIRMED

Division VII
Opinion by JUDGE LUM
Tow and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 26, 2025

Russell M. Boles, Pro Se

Philip J. Weiser, Attorney General, Rachel M. Lieb, Assistant Attorney General, Denver, Colorado, for Defendants-Appellees

¶ 1     In this C.R.C.P. 106.5 action, Russell M. Boles, an inmate in the custody of the Colorado Department of Corrections (CDOC), appeals the district court's judgment affirming his disciplinary convictions under the CDOC's Code of Penal Discipline (disciplinary code). We affirm.

## I.     Background

¶ 2     One afternoon, Boles was exiting the prison meal hall when Captain June Poncetta informed him that she needed to search his wheelchair. Boles refused the search, and after some struggle, he punched Poncetta in the stomach. Boles was charged with assault on staff or visitor (a Class I, Rule 4 violation of the disciplinary code) and interference with search (a Class II, Rule 13 violation of the disciplinary code). A three-member board of judges presided over a disciplinary hearing and found Boles guilty as charged. Boles received sanctions of fifteen days of restrictive housing and sixty days' loss of good time. He appeals his convictions.

## II.     Applicable Law and Standard of Review

¶ 3     "After exhausting administrative remedies, an inmate may obtain judicial review of a disciplinary conviction by filing an action under C.R.C.P. 106.5(a)." *Geerdes v. Dir., Colo. Dep't of Corr.*, 226

P.3d 1261, 1261 (Colo. App. 2010). When reviewing a CDOC disciplinary conviction, we sit in the same position as the court conducting the initial C.R.C.P. 106.5 proceeding, and we review the court's ruling de novo. *Dawson v. Exec. Dir. of Colo. Dep't of Corr.*, 2014 COA 69, ¶ 6. Our review is limited to determining whether prison officials exceeded their jurisdiction or abused their discretion based on the record before the three-member board. *Id.*; C.R.C.P. 106(a)(4)(I); C.R.C.P. 106.5(a).

### III. District Court's Application of Law

¶ 4 Boles argues that the district court applied the wrong law to review his disciplinary convictions. We disagree.

¶ 5 In its order affirming the convictions, the district court relied on *Kodama v. Johnson*, 786 P.2d 417 (Colo. 1990), for the principles that its review of the case is limited and that it must uphold the prison officials' decision if the decision is supported by "some evidence" in the record. *Id.* at 420 ("The scope of judicial review in this type of case is very limited. . . . [T]he decision of the prison officials must be upheld if it is supported by some evidence in the record.").

¶ 6     We reject Boles's contentions that (1) *Kodama* is "completely irrelevant to the circumstances" in this case and (2) the district court should have relied on a "competent" or "substantial" evidence standard instead of *Kodama*'s "some evidence" standard. *Kodama,* like this case, involves review of a prison disciplinary conviction. And because *Kodama* remains good law, the district court was bound by it, as are we.

¶ 7     As best we understand him, Boles also asserts that the district court should have considered other grounds for relief, including (1) "tortious actions" of CDOC personnel (for example, his improper removal from the general prison population housing conditions that violated medical advice, assault by other prison officials, and denial of medical attention); (2) violations of his rights under the First and Eighth Amendments to the United States Constitution; (3) retaliation by CDOC officials; and (4) deprivation of property. We reject this argument. As noted above, the district court must affirm Boles's convictions if "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 455-56 (1985); *Kodama,* 786 P.2d at 420. This limited scope of review

3

doesn't contemplate reversal for the alternate reasons articulated by Boles.

¶ 8     In sum, we perceive no error in district court's application of the governing law.

## IV.    Sufficiency of the Evidence

¶ 9     Boles next argues that the evidence before the board wasn't sufficient to convict him.  We disagree.

¶ 10    An inmate interferes with a search when they "refuse to allow, obstruct, or hinder in any way, an employee . . . in their search of any person, housing unit, or property."  DOC Admin. Reg. 150-01(IV)(E)(13).

¶ 11    The evidence before the three-member board included Poncetta's sworn statement, "I instructed the offender that we were going to do a search of offender's wheel chair [sic] when Boles told me 'No you are not.'"  Another inmate testified that Boles was not compliant with staff directives after Poncetta asked to search his wheelchair.  This evidence amply supports Boles's conviction for interference with a search.

¶ 12    "An offender commits [assault on staff or visitor] when they intentionally . . . apply any physical force against an employee . . .

regardless of whether such force results in injury." DOC Admin. Reg. 150-01(IV)(D)(4).

¶ 13     Poncetta's statement also reads, "I once again asked what was in offenders [sic] coat and that is when the offender did a closed fisted punch to my stomach and got my right side of my stomach." Another officer explained in a sworn statement that, after Poncetta confiscated something from Boles, he began swinging his arms at her. Contrary to Boles's argument, this evidence was sufficient for the three-member board to conclude that Boles intentionally applied force against Poncetta. *See People v. Johnson*, 2024 CO 32, ¶ 36 ("[A] defendant's intent can, and often must, be proved by circumstantial evidence." (citation omitted)).

¶ 14     The remainder of Boles's arguments about the evidence before the board amounts to a request for us to reweigh the evidence and the credibility of witnesses, which we can't do. *See Superintendent*, 472 U.S. at 455 (noting the "some evidence" standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence"); *cf. Martinez v. Bd. of Comm'rs of Hous. Auth.*, 992 P.2d 692, 696 (Colo.

App. 1999) (credibility determinations and evidentiary weight are committed to the housing authority board's discretion).

¶ 15    Because the record supports Boles's convictions, we must affirm them.

## V.    Due Process

¶ 16    Boles next contends that he didn't receive due process at the disciplinary hearing.  We again disagree.

### A.    Applicable Law

¶ 17    A failure to provide due process at a disciplinary hearing is an abuse of discretion.  *See Fisher v. Colo. Dep't of Corr.*, 56 P.3d 1210, 1213 (Colo. App. 2002).  But an "inmate in a disciplinary hearing enjoys only the most basic due process rights."  *Washington v. Atherton*, 6 P.3d 346, 347 (Colo. App. 2000).  The due process rights applicable to a prison disciplinary hearing are (1) advance written notice of the charged violations of the disciplinary code; (2) a written statement by the hearing officer giving reasons for the hearing and the evidence relied upon; and (3) the right to call witnesses and present evidence "when doing so does not interfere with the security and order of the institution."  *Mariani v. Colo. Dep't of Corr.*, 956 P.2d 625, 628 (Colo. App. 1997).

## B. Witnesses

¶ 18    Boles contends that the three-member board violated his due process rights when they denied his request to call Poncetta as a witness.  We conclude any error is harmless.

¶ 19    An inmate's right to call witnesses is not absolute, and it must be balanced against institutional needs and objectives of the correctional facility.  In addition to the facility's discretion to exclude witnesses for security reasons, "[w]itnesses may be limited by the hearing officer or board if their testimony is determined to be irrelevant, incompetent, or unduly repetitious and such determination is documented in the record."  DOC Admin. Reg. 150-01(IV)(F)(3)(h)(4).

¶ 20    The three-member board declined to let Boles call Poncetta because she no longer worked for the CDOC by the time of Boles's hearing.  This reasoning doesn't imply that the evidence was irrelevant, incompetent, or unduly repetitious testimony, nor does it appear to implicate the "security and order" of the institution.  *See* DOC Admin. Reg. 150-01(IV)(F)(3)(h)(4); *Mariani*, 956 P.2d at 628.

¶ 21    But even assuming that the three-member board erred, Boles doesn't explain what testimony he planned to elicit from Poncetta,

how her testimony may have differed from or undermined her account of the incident in her sworn statement, or how her testimony would have supported his defense or otherwise changed the outcome of the proceeding. For these reasons, we conclude that any error is harmless. *Alward v. Golder*, 148 P.3d 424, 429-30 (Colo. App. 2006) (rejecting a prisoner's arguments when there was no showing of prejudice); *see also Chesson v. Jaquez*, 986 F.2d 363, 366 (10th Cir. 1993) (rejecting an inmate's challenge to the inability to present witnesses when the inmate failed to show how the testimony of an officer would have affected the outcome of the case).

## C.    Notice of Charges

¶ 22    Boles argues that he received insufficient notice of the charges against him. We disagree.

¶ 23    An inmate shall receive advance written notice of the disciplinary charges pending against him so that he may have "a chance both to clarify the nature of the charges and to marshal facts in his . . . defense." *Mariani*, 956 P.2d at 629 (citing *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974)).

¶ 24    The record reflects that Boles received notice of the charges on May 9, 2023, which he also acknowledged on the record during the

disciplinary hearing. And in accordance with the disciplinary code, the written notice of hearing listed the specific rules violated, a statement of the charges, the names of staff witnesses, the immediate action taken, the date and time of the incident, the date and time of the scheduled hearing, and the place of the incident. *See* DOC Admin. Reg. 150-01(IV)(F)(3)(c)(3).

¶ 25    Boles further contends notice was insufficient because he didn't receive copies of the officers' incident reports prior to his hearing. We decline to address this contention because Boles didn't raise it at the disciplinary hearing or in his administrative appeal. Therefore, he didn't preserve the contention for our review. *See Higgins v. Colo. Dep't of Corr.*, 876 P.2d 124, 126 (Colo. App. 1994) (declining to address argument related to an inmate's inability to call witnesses when the inmate didn't seek to present witnesses at the disciplinary hearing); *Phillips v. Exec. Dir., Colo. Dep't of Corr.*, 251 P.3d 1176, 1179 (Colo. App. 2010) (superseded by statute on other grounds).

## D.    Hearing Officer's Neutrality

¶ 26    Boles asserts that the "hearing officer" wasn't impartial because he acted as both the judge and the prosecutor. The record

belies his argument because it reflects that Lieutenant Chase Felzein investigated the charges against Boles and acted as the disciplinary officer prosecuting the case, while Lieutenant Jay Greenslade, Lieutenant Fernandez, and Officer Tonche[1] comprised the three-member board of judges. The record doesn't reflect any partiality on the part of the judges who convicted Boles.

¶ 27    For the above reasons, we perceive no reversible error.

## VI.    Other Procedural Violations

¶ 28    Boles next argues that the three-member board abused its discretion by violating various procedural regulations governing disciplinary proceedings. We disagree.

### A.    Hearing Timing

¶ 29    Boles argues that his hearing didn't take place within seven working days as required by the disciplinary code. The disciplinary code provides that the hearing will be scheduled no later than seven working days after the offender has been charged with the violation. DOC Admin. Reg. 150-01(IV)(F)(3)(e). The record reflects that Boles received a signed notice of charges on May 9, 2023, and the

---

[1] Lieutenant Fernandez's and Officer Tonche's first names don't appear in the record.

disciplinary hearing took place on May 12, 2023. Thus, the hearing was timely.

B. Arguments Made During Disciplinary Hearing

¶ 30    Boles asserts that the three-member board refused to hear his arguments related to his religious practices, his ongoing medical conditions, prison policies related to search and seizure, and prison policies regarding food consumption. He contends that this violated the disciplinary code, which provides that witness testimony "made through an offer of proof" can be accepted as evidence "without actually calling the witness" when "questioning of the absent witness" is deemed unnecessary by the board. DOC Admin. Reg. 150-01(IV)(F)(3)(h)(7).

¶ 31    As best we can discern, the statements Boles says were excluded appear to be legal arguments, not offers of proof. Further, even if Boles's arguments can be construed as offers of proof, the regulation's language is permissive, not mandatory. That is, the three-member board didn't have to allow Boles to present his evidence by offer of proof. Moreover, the board has the discretion to exclude evidence because it is irrelevant, and Boles's arguments weren't relevant to the questions before the board: whether Boles

11

intentionally made contact with Poncetta and whether he interfered with the search.

### C.     Composition of Three-Member Board

¶ 32     Next, Boles asserts that the composition of the three-member board violated section 150-01(IV)(F)(1)(a)-(c) of the disciplinary code. Specifically, he argues that no member was sufficiently independent from the facility, that the individual officers were not from an "approved list," and that the officers were not properly trained.  We decline to review these contentions because Boles doesn't cite any evidence in the record supporting them, and they are otherwise undeveloped.  *Woodbridge Condo. Ass'n v. Lo Viento Blanco, LLC*, 2020 COA 34, ¶ 41 n.12 ("We don't consider undeveloped and unsupported arguments."), *aff'd*, 2021 CO 56.

### D.     Statement of Involvement in Investigation

¶ 33     Lastly, Boles argues that the hearing officers "did not make any statement on [the] record of involvement in the investigation" in his case.  The disciplinary code provides, "A hearing officer or member of the hearing board may be aware of investigations and information about the incident without being biased.  *If such involvement exists*, a brief description of the officer's or board

12

member's involvement will be made a part of the record." DOC Admin. Reg. 150-01(IV)(F)(1)(b) (emphasis added). Thus, the disciplinary code requires a statement of involvement only when a board member has information about or was previously involved in investigating the incident. The record doesn't reflect that any member of the three-member board had such involvement or information, so no statement was necessary.

## VII. Disposition

¶ 34 We affirm the judgment of the district court.

JUDGE TOW and JUDGE MOULTRIE concur.