25CA1002 Eaves v CDOC 04-16-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1002
Logan County District Court No. 24CV12
Honorable Dina M. Christiansen, Judge

---

Rodney Douglas Eaves,

Plaintiff-Appellant,

v.

Executive Director of Colorado Department of Corrections and Warden of
Sterling Correctional Facility,

Defendants-Appellees.

---

JUDGMENT AFFIRMED

Division I
Opinion by JUDGE LUM
J. Jones and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 16, 2026

---

Rodney Douglas Eaves, Pro Se

Philip J. Weiser, Attorney General, Rebekah Ryan, Senior Assistant Attorney
General, Denver, Colorado, for Defendants-Appellees

¶ 1    Plaintiff, Rodney Douglas Eaves, is an inmate in the custody of the Colorado Department of Corrections (DOC). He appeals the district court's judgment affirming a prison disciplinary conviction entered against him. We affirm.

## I.    Background

¶ 2    Eaves was walking with a group of inmates to the prison cafeteria wearing at least one eagle feather. A corrections officer, Captain Rodriguez, stopped him and asked him about the feather. Eaves approached the officer and told him that he should "read the policy." After briefly going to his cell, Eaves returned to Captain Rodriguez and yelled in his face about the feather and the policy. Captain Rodriguez then ordered other officers to restrain Eaves, which they did. Eaves's behavior caused at least one other inmate to begin yelling at corrections staff during this interaction.

¶ 3    Eaves was charged with "Advocating or Creating Facility Disruption," a violation of the Code of Penal Discipline (COPD). DOC Admin. Reg. 150-01(IV)(E)(14). After a hearing at which Eaves, Captain Rodriguez, and other witnesses testified, the hearing officer found Eaves guilty of the charged violation. That decision was upheld on administrative review.

1

¶ 4     Eaves then filed this action in district court under C.R.C.P. 106.5, arguing that he is entitled to relief from the conviction for various reasons.  The district court rejected his arguments and upheld the conviction.

¶ 5     Eaves appeals.  He argues that the hearing officer misapplied the law in numerous ways, including ways that violated his right to due process.  We conclude that none of his arguments warrant relief.[1]

## II.    Governing Standards

¶ 6     When reviewing a C.R.C.P. 106.5 action attacking a prison disciplinary conviction, we sit in the same position as the district court and review its ruling de novo.  *See Dawson v. Exec. Dir. of Colo. Dep't of Corr.*, 2014 COA 69, ¶ 6.  Our review is limited to determining whether there was an abuse of discretion or a proceeding in excess of jurisdiction.  *Garcia v. Harms*, 2014 COA 154, ¶ 9.

---

[1] We also deny Eaves's request, raised in his reply brief, to strike the DOC's brief for noncompliance with C.A.R. 28(a)(7)(A).

¶ 7    Hearing officers abuse their discretion if they misinterpret or misapply the law. *Dawson*, ¶ 7. But we must affirm a disciplinary conviction if there is some evidence in the record to support it. *Id.*

¶ 8    Even if there was an abuse of discretion, we will not reverse unless that abuse of discretion prejudiced the inmate. *See Alward v. Golder*, 148 P.3d 424, 430 (Colo. App. 2006). It is the inmate's burden to establish both an abuse of discretion and prejudice. *Id.* Although we liberally construe a pro se party's arguments, we cannot invent arguments the party has not made. *People v. Cali*, 2020 CO 20, ¶ 34. Pro se parties like Eaves are ultimately subject to the same rules as represented parties. *See Adams v. Sagee*, 2017 COA 133, ¶ 10.

### III.    Hearing Officer's Authority to Adjudicate the Charge

¶ 9    Eaves argues that the DOC lacked authority to find him guilty of the COPD violation because (1) it is a criminal offense that must be prosecuted as such or (2) state statute deprived the DOC of jurisdiction over the violation. We disagree with both arguments.

### A.    Criminal Law Does Not Apply

¶ 10    As we understand it, Eaves's first argument is that because the elements of his COPD conviction are identical to those of the

3

criminal offense of active participation in a riot, he can be prosecuted for his conduct under only criminal law. But the elements are not the same.

¶ 11 The COPD violation is based on mere disruptions. It proscribes any act or communication "intended to advocate a disruption or incite a riot" or any act that "actually disrupt[s] operations of any segment of a facility." DOC Admin. Reg. 150-01(IV)(E)(14).

¶ 12 In contrast, the criminal offense is based on violent conduct. A person commits the criminal offense of active participation in a riot by, as relevant here, actively participating in "violent conduct." § 18-8-211(1), C.R.S. 2025.

¶ 13 Even if the elements were the same, we are aware of no reason why the COPD and criminal statutes could not proscribe the same conduct. Here, it was very clear that Eaves was charged with and found guilty of the COPD violation, not active participation in a riot under section 18-8-211(1).

B.    Sections 16-2.3-105 and 17-1-111, C.R.S. 2025

¶ 14 Eaves also argues that one or both of these statutes deprived the DOC of jurisdiction to adjudicate the COPD violation.

¶ 15     Section 16-2.3-105(1) provides that if a charge "includes a crime and civil infraction in the same summons and complaint," the charge must be adjudicated by a judicial officer who has jurisdiction over the crime, and the criminal rules apply. This provision is irrelevant here because disciplinary proceedings are not criminal in nature. The purpose of a disciplinary proceeding "is not primarily to punish, but to determine whether prison rules are broken and to maintain institutional order." *People v. Watson*, 892 P.2d 388, 390 (Colo. App. 1994) (concluding that a prior prison disciplinary conviction and accompanying sanctions didn't bar a subsequent criminal prosecution based on double jeopardy principles).

¶ 16     Likewise, section 17-1-111 affords Eaves no relief. It provides that certain provisions of the State Administrative Procedure Act (APA) don't apply to title 17 statutes involving inmate discipline. § 17-1-111. But just because some of the APA's administrative review procedures don't apply does not mean that the DOC lacks authority to administratively adjudicate a COPD charge. Indeed, inmates in DOC custody are subject to the COPD. DOC Admin.

Reg. 150-01(IV)(B)(1).  And the COPD authorizes the DOC to adjudicate COPD violations.  DOC Admin. Reg. 150-01(IV)(F)(1).

## IV.    Alleged Due Process Violations

¶ 17    Inmates in a disciplinary hearing receive only the most basic due process rights.  *Mariani v. Colo. Dep't of Corr.*, 956 P.2d 625, 628 (Colo. App. 1997).  These are the rights to (1) receive advance written notice of the COPD charges; (2) call witnesses and present evidence in defense if doing so does not interfere with the security and order of the institution; and (3) receive a written statement from the hearing officer setting forth the reasons for the disciplinary action and evidence relied on.  *Id.*

¶ 18    Eaves argues that various aspects of the proceedings before the hearing officer deprived him of due process.  We aren't convinced.

### A.    Notice

¶ 19    Eaves notes that he was found guilty under only the facility disruption portion of the COPD charge, not the advocating portion. He argues that the notice of the charge was inadequate because it (1) suggested that he was charged only for advocating and not

6

facility disruption; (2) omitted the facts underlying the charge; and (3) omitted the elements of facility disruption.

¶ 20    The notice identified the specific charge as the class II, rule 14 offense of "Advocating or Creating Facility Disruption." Thus, contrary to Eaves's argument, he knew facility disruption, not just advocating, was a possible ground of conviction.

¶ 21    Next, we reject Eaves's contention that he did not receive a summary of the facts underlying the charge. The notice included a detailed summary of the factual allegations.

¶ 22    Finally, we disagree with Eaves's argument that the notice was deficient because it failed to inform him of the elements of creating a facility disruption. Creating a facility disruption *is the element.* DOC Admin. Reg. 150-01(IV)(E)(14) ("An offender commits this offense when they . . . actually disrupt operations of any segment of a facility."). The title of the charge informed Eaves of this element, and the factual allegations informed him of how his conduct allegedly satisfied this element (Eaves "cause[d] another offender to advocate by yelling at staff creating an unsafe environment").

### B. Presentation of a Defense

¶ 23 Eaves argues that the following impediments to his ability to present evidence violated his right to due process:

- The designated discipline officer failed to complete AR Form 150-01L (a "Reviewing Supervisor Incident Investigation Report"), as required by the COPD.

- Eaves wasn't allowed to present some witness testimony.

- The hearing officer didn't provide a written reason for the denial of the witness testimony.

- Eaves wasn't allowed to make some offers of proof.

- Eaves wasn't provided with a video he claims was relevant to the charge.

¶ 24 Even if we were to assume that one or more of these alleged deficiencies was problematic, Eaves doesn't explain in his opening brief how any of them impacted his defense. He doesn't identify the witnesses he wanted to call or indicate what their testimony would have been, he doesn't describe the offers of proof, and he doesn't explain the import of the missing form. Of the video, he says only that it "contradicted Capt. Rodriguez's testimony." But Eaves doesn't explain the alleged contradiction, therefore leaving us

guessing about its supposedly prejudicial impact. Because Eaves hasn't presented a proper prejudice argument for any of these alleged due process violations, we conclude that none of them warrant relief. *See Alward*, 148 P.3d at 430.

¶ 25 Eaves also argues that he wasn't provided the AR Form 600-01A related to the incident, which gave a one-word justification for his removal from the general prison population: "advocating." Eaves claims this piece of evidence was critical because it showed that he was removed not for the facility disruption that he was found guilty of, but for advocating, which he was not found guilty of.

¶ 26 We presume that "advocating" on the removal form was shorthand for the violation of "Advocating or Creating Facility Disruption." DOC Admin. Reg. 150-01(IV)(E)(14). Moreover, advocating a disruption and creating a facility disruption are not mutually exclusive, and we fail to see how removal for advocating would have limited the DOC's ability to charge and convict Eaves of a facility disruption.

## C. Hearing Officer's Written Statement

¶ 27 Eaves next takes issue with the hearing officer's written statement. To the extent that he argues it didn't comply with due process requirements, we disagree. It clearly explained the reasons for the hearing officer's decision with a detailed summary of the evidence relied on.

¶ 28 However, Eaves advances another argument based on this written statement, one we understand as a challenge to the sufficiency of the evidence supporting his conviction. Eaves contends that the hearing officer's written findings show that the officer relied on a limited subset of the evidence, and that we can therefore consider only that evidence. We reject the premise that the hearing officer's decision was based on something less than all the evidence.

¶ 29 The hearing officer's written statement started with a detailed summary of the testimony from various witnesses, including Captain Rodriguez. Then, it included this: "Briefly describe specific evidence and testimony relied upon to reach finding: Presentation by the Disciplinary Officer and staff report."

¶ 30    As best we understand him, Eaves argues that a reviewing court can only rely on the evidence expressly relied on by the hearing officer.  And, Eaves continues, because the hearing officer didn't specifically reference Captain Rodriguez's testimony when describing the "evidence and testimony relied upon," we cannot consider it in reviewing sufficiency.  But as the DOC points out, the "[p]resentation" by the disciplinary officer included all the DOC witness testimony, including that of Captain Rodriguez.  And we aren't aware of any authority restricting our sufficiency review to the specific evidence cited by the hearing officer.  Indeed, we must affirm the disciplinary conviction if there is "some evidence" in the record to support it.  *Dawson*, ¶ 7.  We therefore reject Eaves's sufficiency challenge.[2]

## V.    Two Additional Issues

¶ 31    Eaves attempts to attack his disciplinary conviction on the ground that he had a constitutional right to wear the feather that precipitated the incident here.  But Eaves wasn't convicted for

---

[2] In doing so, we note that Eaves does not challenge the sufficiency of the evidence when considered as a whole, so we do not address that issue.

wearing a feather; he was convicted for causing a facility disruption. Even if he had a right to wear feathers, that didn't entitle him to engage in the conduct for which he was convicted (yelling in the face of Captain Rodriguez).

¶ 32      Eaves also argues that because his request for a hearing transcript was denied, he was unable to support some of his claims on appeal. We conclude that a transcript wouldn't have made a difference: We have not rejected any of his claims for failing to provide us a record on which to evaluate them.

## VI. Cumulative Error

¶ 33      Finally, Eaves argues that even if no individual error warrants reversal, the cumulative effect of multiple errors does. But relief based on cumulative error requires cumulative prejudice. *See Howard-Walker v. People*, 2019 CO 69, ¶ 25.

¶ 34      The only errors that might be eligible for consideration in a cumulative error analysis are those that we assumed might have been error. And for all of those alleged errors, we have concluded that relief was inappropriate because Eaves failed to explain how they prejudiced him. Cumulative prejudice can only be the sum of multiple instances of individual prejudice. *See id.* Because Eaves

has failed to properly argue individual prejudice for these alleged errors, he has necessarily failed to argue cumulative prejudice as well. We therefore reject his cumulative error argument.

### VII. Disposition

¶ 35    We affirm the judgment of the district court.

JUDGE J. JONES and JUDGE MEIRINK concur.